**VAN HORN OIL COMPANY, Appellant,**

v.

**OKLAHOMA CORPORATION COMMISSION, an Oklahoma Administrative Agency; Hamp Baker, Corporation Commissioner; Norma Eagleton, Corporation Commissioner; James B. Townsend, Corporation Commissioner; and Samedan Oil Corporation, Appellees.**

No. 66298.

Supreme Court of Oklahoma.

April 26, 1988.

Dawson, Cadenhead & Kite by Jerry D. Kite, Oklahoma City, for appellant.

Ames, Ashabranner, Taylor, Lawrence, Laudick & Morgan by Guy E. Taylor and Donald F. Heath, Jr., Oklahoma City, for appellee Samedan Oil Corp.

LAVENDER, Justice:

On December 4, 1985, appellee Samedan Oil Corporation filed an application before the Oklahoma Corporation Commission seeking the pooling of the interests in the Cromwell common source of supply underlying a certain Section 29 in Hughes County, Oklahoma. As respondent in the application Samedan named appellant Van Horn Oil Company. Hearing was set on the application on December 30, 1985. Notice of this hearing was mailed to appellant on December 6 and received by appellant on December 10, 1985.

As background to this case it should be noted that a producing well had been drilled to the Cromwell common source of supply and was in production prior to the pooling application in this case. The well had been commenced in November 1984 under an emergency order while application for an order establishing spacing of the unit including the well was pending. The parties to the present action were in contest over the proper spacing of the unit in question. A spacing order establishing a 640 acre spacing unit including all of Section 29 was issued on May 15, 1985. The well in Section 29 had been completed as a gas producer in the Cromwell on January 22, 1985. Following completion of the well and the issuance of the spacing order appellant and Samedan had engaged in negotiations concerning appellant's participation in the well but were unable to come to terms. The failure to achieve voluntary agreement led to the application for order pooling appellant's interests in Section 29.

On the date set for hearing the pooling application in this matter, Samedan appeared by counsel and with a witness in support of its application. Appellant appeared by counsel and made an oral request for a continuance. The request for a continuance was referred from the hearing officer who was to hear the application to a second hearing officer who was hearing motions for continuance. In the hearing on the continuance it was related that the continuance was sought because the principals of appellant had gone on vacation and were not available to testify on the application. The principals of appellant had not contacted their counsel regarding the application until December 24, 1985, and at that time requested that he secure a continuance of the hearing. Counsel related that he had not filed written motion for a continuance nor had he contacted counsel for Samedan because of press of business. The hearing officer granted a one-week continuance.

Following the hearing officer's ruling on the motion for continuance, counsel for Samedan secured an immediate review of that ruling on oral application to the Commission. Appellant's counsel was notified

and both parties presented arguments to the Commission regarding the motion for continuance. The Commission denied the continuance and remanded the case to the hearing officer previously scheduled to hear the pooling application on its merits on that date.

The hearing was held before the hearing officer and Samedan presented its witness in support of its pooling application. Counsel for appellant was allowed to thoroughly cross-examine this witness. After the hearing, but prior to issuance of the hearing officer's report to the Commission, appellant sought to have the case reopened for submission of additional evidence regarding the market value of appellant's interests in Section 29. This matter was heard before a third hearing officer, who recommended denial. The Commission entered an order putting this recommendation into effect.

The report of the hearing officer on the pooling application recommended that Samedan's application be granted. The Commission subsequently, following the filing of exceptions to the report by appellant and the hearing on those exceptions, entered Order No. 294581, granting the pooling application, allowing appellant to participate in the well or to receive a cash bonus for its interest as established by the pooling order as fair value for the interest.

Appellant subsequently sought reconsideration of Order No. 294581 by the Commission. This motion for reconsideration was denied and appellant has now challenged the validity of the Order on the grounds that the denial of the continuance on December 30, 1985, and the subsequent refusal to reopen the case for submission of additional evidence regarding market values effectively denied appellant due process in the proceedings. We find no merit in appellant's assertions.

Regarding the requirements of due process this Court has stated: [1]

Procedural due process of law contemplates a fair and open hearing before a legally constituted court or other authority with notice and an opportunity to present evidence and argument, representation by counsel, if desired, and information concerning the claims of the opposing party with reasonable opportunity to controvert them. (citation omitted)

As the facts stated in this case clearly establish, appellant was afforded notice of the hearing, was provided with information regarding the issues to be heard and was provided with the opportunity to present evidence and argument. Counsel for appellant appeared at the hearing but appellant's principals chose to forego the opportunity afforded appellant to present evidence. Through counsel appellant was afforded the opportunity to present argument regarding appellant's position on the issues involved in the application for pooling. It should be axiomatic that a party to a proceeding cannot, by voluntary action, absent itself from that proceeding and then be heard to complain about the loss of opportunity to present evidence. There is nothing in the record in this case to indicate that appellant's failure to appear at the December 30 hearing was due to any factor other than the voluntary decision to subordinate an appearance at the hearing to appellant's principals' recreational desires.

Appellant has also suggested that it was denied due process by the grant of an immediate hearing by the Commission of Samedan's challenge to the ruling of the hearing officer which had been in favor of appellant's request for continuance. This argument is presented in several parts; first, that the allowance of the challenge was extraordinary; second, that appellant was not given time to prepare for the hearing; and third, that the Commission could not overrule the hearing officer's recommendation unless it found an abuse of discretion by the hearing officer in recommending the continuance.

■ We find no impropriety of the allowance of the challenge to the hearing offi-

1. *Jackson v. Ind. School Dist. No. 16*, 648 P.2d     26, 30 (Okla.1982).

cer's recommendation directly to the Commission on oral motion. By its rules the Commission has specifically retained the power to waive the requirements of its own rules of procedure. Normal procedure regarding a challenge to the hearing officer's recommendation would have required a written motion filed within five days. The Commission exercised its discretion to waive this requirement and entertained an immediate oral motion. Under the circumstances of this case normal procedure would have de facto denied Samedan an effective challenge to the hearing officer's recommendation. The Commission's exercise of discretion to hear the challenge was clearly proper.

■ Appellant has also argued that the manner in which its counsel was called before the Commission to hear the challenge on the continuance denied it due process. Appellant claims that short notice of the hearing on the challenge denied its counsel the opportunity to properly prepare. We disagree. Appellant's counsel had just finished presenting its argument in support of the continuance to the hearing officer. It is not suggested that any of the material presented in that argument was not available to appellant's counsel for presentation to the Commission. Counsel was prepared to present argument to the hearing officer, and has not given any indication what additional material would have been relevant for presentation to the Commission.

■ Appellant's suggestion that the Commission is without power to render a decision contrary to a hearing officer unless the hearing officer has erred in rendering that decision is without merit. Appellant argues that the nature of the relationship between the Commission and its hearing officers parallels that between this Court and the district courts. Again we cannot agree. The Commission itself, when exercising its adjudicative authority, is the functional analogue of a court of record with dispute resolution authority conferred by Constitutional grant.[2] And while the Commission has been granted authority to delegate the power to hear evidence on matters before the Commission,[3] those officers to whom the hearing is assigned only have authority to receive the evidence and make recommendations to the Commission regarding the exercise of the Commission's judicial authority.[4] As stated in the case of *Anderson v. Grand River Dam Authority,*[5] in the Court's syllabus:

> Administrative bodies and officers cannot alienate, surrender, or abridge their powers and duties, or delegate authority and functions which under the law may be exercised only by them; and, although they may delegate merely ministerial functions, in the absence of statute or organic act permitting it, they cannot delegate powers and functions discretionary or quasi-judicial in character, or which require the exercise of judgment.

Only the Commission itself is empowered with the authority to render an Order concluding a dispute within the Commission's jurisdiction.[6] The Commission's hearing of a matter which has been previously presented to a hearing officer does not constitute an appeal from the hearing officer's report. The procedure of hearing evidence, issuing reports and filing exceptions to those reports is designed to clearly define the dispute presented to the Commission. The Commission exercises its judgment in determining that dispute. No intermediate proceeding within the Commission may hamper the exercise of the Commission's judgment in resolving a dispute properly before it.

**2.** *Monson v. State ex rel. Okla. Corp. Comm.,* 673 P.2d 839, 842 (Okla.1983).

**3.** 17 O.S.1981 § 162; 52 O.S.Supp.1985 § 149.1.

**4.** See *Cameron v. Corp. Comm.,* 414 P.2d 266 (Okla.1966); *W.L. Kirkman, Inc. v. Okla. Corp. Comm.,* 676 P.2d 283 (Okla.App.1983).

**5.** 446 P.2d 814 (Okla.1968).

**6.** See *Monson v. State,* supra note 2.

Finally, appellant argues that the Commission improperly denied appellant's motion to reopen the cause for introduction of evidence on the fair market value of appellant's interests in Section 29. The basis for this argument is that Commission Rules allow the introduction of evidence on reopening which was not available at the time of the hearing. Appellant argues that the phrase "was not" would cover the situation where, as here, the evidence simply was not produced at the hearing although it was clearly known to exist and could have been produced. The Commission did not accept this construction and neither do we. To do so would result in an outcome totally at odds with fundamental concepts of judicial economy and the duties of a party having notice of a proceeding to properly prepare to present its case.

We find no error in the Commission proceedings generating Order No. 294581. Accordingly that order is AFFIRMED.

HARGRAVE, V.C.J., and HODGES, SIMMS and ALMA WILSON, JJ., concur.

DOOLIN, C.J., and OPALA, KAUGER and SUMMERS, JJ., dissent.