Betty **ROBERTS, Neal Clubb and Alice Fay Clubb, Appellants,**

v.

**FUNK EXPLORATION, INC., and Earl Patzkowsky, Appellees.**

No. 65018.

Supreme Court of Oklahoma.

June 21, 1988.

Rehearing Denied Nov. 15, 1988.

Kornfeld, Franklin & Phillips by Mark E. Pruitt, Oklahoma City, for appellants.

Mahaffey & Gore, P.C. by Richard J. Gore and Martha Martin, Oklahoma City, for appellee Earl Patzkowsky.

Horning, Johnson, Grove & Moore by Roger Grove, Oklahoma City, for appellee Funk Exploration, Inc.

Walker, Walker & Driskill by Russell James Walker, Oklahoma City, for appellee Tom Z. Wright.

LAVENDER, Justice.

Prior to 1977 Section 35 had been spaced as a 640 acre unit for the Morrow common source of supply. In 1977 a well was completed in the SE/4 of Section 35. This well was a marginal producer of oil. Based on this well Section 35 was respaced as 80 acre units for the production of oil from the Morrow. In 1984 appellee Funk Exploration, Inc., drilled and completed a well in the NW/4 of Section 35. This well was completed as a prolific producer of gas from the Upper Morrow zone.

On July 19, 1984 appellee Funk Exploration filed an application with the Oklahoma Corporation Commission requesting that the Upper Morrow be established as a separate common source of supply from the oil producing Lower Morrow and that a 320 acre spacing unit consisting of the W/2 of

Section 35 be created. Appellee Patzkowsky, who holds the royalty interest on the NE/4 of Section 35, thereafter filed an application seeking the creation of a 640 acre spacing unit for the Upper Morrow, covering all of Section 35.

Both applications were consolidated for hearing. During a drawn out course of hearings in the Commission, evidence was presented by the various parties as to whether the productive Upper Morrow common source of supply underlay the E/2 of Section 35. Various arguments were also presented as to what should be the effective date of the requested spacing unit.

On October 2, 1985 the Commission issued Order No. 286353. This Order established a 640 acre spacing unit for the Upper Morrow common source of supply and made the order effective as of the date of application of Funk Exploration, Inc. Appellants, owners of the royalty interest in the NW/4 of Section 35, appealed from this Order.

The Court of Appeals, Division I, to which this case was originally assigned, affirmed the Commission's order insofar as it established the 640 acre spacing unit, finding that evidence presented to establish that the Upper Morrow underlay all or substantially all of Section 35 provided substantial evidentiary support for the creation of the spacing unit. The Court of Appeals, however, reversed the effective date, finding this aspect of the Order not to have been supported by substantial evidence.

Appellees petitioned for certiorari, asserting that the finding of the Court of Appeals that the creation of the 640 acre unit was supported by the evidence was internally inconsistent with the ruling that the retroactive dating was not so supported. We have previously granted certiorari.

The creation of well spacing and drilling units is authorized for the prevention of waste and the protection of correlative rights of the interested parties. 52 O.S. Supp.1984 § 87.1(a). Here the Commission found, on the evidence presented, that a 640 acre spacing unit was appropriate for the Upper Morrow common source of supply in Section 35 and that the well drilled in the NW/4 of the unit would effectively drain the gas contained therein. Since all of the gas from the unit would be produced from the single well the Commission concluded that the correlative rights of the parties in the production from the unit could only be protected by allowing the parties to share in that production from the earliest date.

We agree with appellants' assertion that the evidence to support the Commission's finding that a 640 acre unit was appropriate in this case also supports the finding that drainage from the first date of production affected the correlative rights of all those holding interests in the unit drained. To find otherwise would allow appellants in this case to obtain royalties on the production of all gas from the unit well over the life of the well while holding appellee royalty holders to the benefits only on that portion of production recovered after the long course of hearings in this matter was completed. This would clearly deny appellees the protection of their correlative rights in the unit production.

We therefore find the retroactive dating of the Commission order to the date of the first application was supported by substantial evidence and was proper under *Union Oil Company of California v. Brown*, 641 P.2d 1106 (Okla.1981).

Because we recognize that appellee Wright *did not* receive a timely notice of the Court of Appeals' opinion in this case and find that this omission was occasioned by a mistake of this Court's clerk, we deem his petition for certiorari to have been timely brought.

Opinion of the Court of Appeals *VACATED*. Order No. 286353 of the Oklahoma Corporation Commission *AFFIRMED*.

DOOLIN, C.J., and HODGES, SIMMS, OPALA, ALMA WILSON and SUMMERS, JJ., concur.

KAUGER, J., concurs in result.

HARGRAVE, V.C.J., dissents.