BRUMARK CORPORATION, Appellant,

v.

The CORPORATION COMMISSION of
the State of Oklahoma; Santa Fe Min-
erals, A Division of Santa Fe Interna-
tional Corporation, Dyco Petroleum
Corporation, and Meridian Oil Produc-
tion, Inc., Appellees.

No. 78379.

Court of Appeals of Oklahoma,
Division No. 1.

June 1, 1993.

Rehearings Denied Aug. 31, 1993.

Certiorari Denied Nov. 16, 1993.

Karl F. Hirsch, Lisa Tipping Davis, Okla-
homa City, for appellant.

Michael D. Stack, Cara S. Barnes, Okla-
homa City, for appellee, Santa Fe Minerals.

James W. George, Oklahoma City, for
appellee, Dyco Petroleum Corp.

Gordon D. Ryan, Sharon Taylor Thomas,
Oklahoma City, for appellee, Meridian Oil
Production, Inc.

### *MEMORANDUM OPINION*

JONES, Judge:

Brumark Corporation appeals Corpora-
tion Commission Order No. 359695 grant-
ing Santa Fe's request for an exception to
OCC rules and denying Brumark's request
to shut in the Music # 2–23 well located in
S23–T10N–R21W, NE/4 SW/4 NE/4 in
Beckham County.

Before this controversy started, one of
the Appellees, Meridian Oil Production,
Inc., operated the Music # 1–23 well in the
southeast quarter of section 23. This well
was producing only from the Atoka D zone.
On March 13, 1987, Santa Fe Minerals ob-
tained an increased density order from the
Corporation Commission to drill a second
well in section 23. Brumark did not oppose
the increased density application and Santa
Fe proceeded to drill the well. However,
rather than completing the second well in
the Atoka D zone, Santa Fe drilled and
completed the Music # 2–23 well in both
the Atoka C and D sands. Santa Fe then
filed its completion report as if the Atoka C
and D were part of one common source of

supply. Santa Fe conducted an initial test of the well on October 21, 1988, to determine the allowable, and then commenced to produce and sell gas from both zones.

The Commission advised Santa Fe on August 14, 1989, that an order commingling the two common sources of supply should be obtained for the Music # 2–23 Well. On August 23, 1989, Santa Fe filed C.D. Cause No. 151292 to commingle the well. On October 24, 1989, a second back pressure test was conducted on the well. The form still listed the well as a single gas completion well within one common source of supply. Although Brumark initially protested the application for commingling, it later withdrew the protest. On April 30, 1990, after filing its application in the present appeal, Santa Fe was granted a commingling order.

Prior to this, on April 12, 1990, Brumark filed CD Cause No. 154020, requesting the Commission to find the well had produced without an allowable and to determine the amount of the over production and to order the well shut in until the overage was made up. On April 18, 1990, Santa Fe filed CD Cause No. 154084, requesting as an exception to OCC Rules 2–110, 2–308, 2–309 and 3–224 that the October 25, 1988 back pressure test be used to determine the allowable for 1990.

On October 17, 1990, a hearing was held on these two applications. The Administrative Law Judge granted the application of Santa Fe and denied the application of Brumark. The Appellate Administrative Law Judge affirmed the report of the ALJ. The Commission *En Banc* affirmed the ALJ on September 4, 1991, in Order No. 359695. In granting Santa Fe's application for exception to the rules, the Commission determined that Santa Fe's failure to file the commingling application for the Music # 2–23 well was the result of inadvertence and was not done knowingly or in reckless disregard of the true situation.

Brumark appeals that decision to this Court, alleging the Commissions' finding that Santa Fe did not knowingly, recklessly, or inadvertently violate the Commission rules is not supported by substantial evidence; and, that the Commission exceeded its authority in granting Santa Fe a retroactive allowable back to the date of first production.

In response, Santa Fe suggests the case of *Van Horn Oil Co. v. Oklahoma Corporation Commission*, 753 P.2d 1359 (Okl.1988), confers upon the Commission discretionary authority to waive its own rules. However, as the *Van Horn* Court explained, the Commission specifically retained only the power to waive the requirements of its rules of *procedure*. 753 P.2d at 1363. In this case, we are not dealing with a rule of procedure, but a rule affecting the correlative rights of the parties. The Corporation Commission is empowered to issue orders to protect the correlative rights of interest owners in common sources of supply.[1] OCC/OGR § 3–224(A)(a) and (E)(3)(a)(B) provides that a commingling order *shall* be acquired prior to commingling, and an allowable shall be assigned only after issuance of the commingling order. This rule has the force and effect of law and an agent of the Commission is powerless to waive the requirement of the rule. *Ashland Oil, Inc. v. Corporation Commission*, 595 P.2d 423 (Okl.1979). Although a commingling order may be granted retroactively, it may not be dated prior to the date of the first application. *Roberts v. Funk Exploration*, 764 P.2d 147 (Okl.1988); *Mullins v. Ward*, 712 P.2d 55 (Okl.1985). Santa Fe, however, was allowed to commingle production from the Atoka C and D common sources of supply from the date of first production, and prior to its application for commingling.

The Corporation Commission exceeded its authority by waiving a non-procedural rule and granting a retroactive commingling order in violation of an established rule of the Corporation Commission.

REVERSED AND REMANDED.

ADAMS, P.J., and GARRETT, J., concur.

---

1.   52 O.S.Supp.1990 § 87.1(a).