Guy Thomas LEDBETTER, Appellee,

v.

OKLAHOMA ALCOHOLIC BEVERAGE LAWS ENFORCEMENT COMMISSION, Appellant.

No. 68138.

Supreme Court of Oklahoma.

Oct. 25, 1988.

As Corrected Dec. 5, 1988.

Lynn Barnett, Gen. Counsel, Oklahoma Alcoholic Laws Enforcement Com'n and

Nancy L. Childers, Oklahoma City, for appellant.

Derril W. McGuire, Ardmore, for appellee.

LAVENDER, Justice:

In 1985, the Fortieth Legislature of Oklahoma promulgated sweeping amendments and additions to the Oklahoma Alcoholic Beverage Control Act, (hereafter Act) 37 O.S.1981, § 502 et seq., as amended by 1985 Okla.Sess.Laws, Ch. 6, § 2 et seq., codified as 37 O.S.Supp.1985, § 502 et seq. The primary impetus behind these amendments and additions was the passage of State Question 563, adopted at an election held September 18, 1984, which repealed OKLA. CONST. art. 27, §§ 1–11, and resulted in the adoption of OKLA. CONST. art. 28, §§ 1–11.[1] State Question 563 was commonly referred to as the "Liquor by the Drink" question.

The Act promulgated by the Legislature is a comprehensive one, regulating virtually every aspect of the alcoholic beverage industry in the State, including the manufacture, sale, importation into or exportation from Oklahoma of such beverages. *See* 37 O.S.Supp.1987, §§ 504 and 505. The Act includes within its ambit the licensure and regulation of mixed beverage club establishments, those conventional establishments allowed to sell liquor by the drink.[2] 37 O.S.Supp.1987 § 518(9). Guy Thomas Ledbetter, (hereafter Appellee or Ledbetter) as president of J.M.G., Inc., doing business as The Edge in Ardmore, Oklahoma, holds mixed club license number 56404. As a licensee Appellee is subject to the provisions of the Act and to potential civil fines, suspension or revocation of his license for violating the provisions of the Act or rules adopted by the Appellant, the Alcoholic Beverage Laws Enforcement Commission (hereafter Appellant or ABLE Commission). *See* 37 O.S.Supp.1987, § 528. Appellant is the body generally charged with enforcement of the alcoholic beverage laws of Oklahoma. OKLA. CONST. art. 28, § 1. In addition to civil fines against a licensee, or suspension or revocation of a license, the Act contains criminal penalties in the form of imprisonment and/or fine for the committing of certain enumerated acts. 37 O.S.Supp.1987, § 538.

To assist it in carrying out its mission to enforce the provisions of the Act, ABLE Commission was required by the Legislature to appoint a Director, the principal administrative officer of the agency. 37 O.S.Supp.1987, § 508. Both ABLE Commission and its Director were given by the Legislature certain specific duties, powers and functions. For the purposes of disposition of this appeal, the powers and duties of the Director are contained in 37 O.S. Supp.1987, § 508 and § 509 and those of the ABLE Commission at 37 O.S.Supp. 1987, § 508, § 514, § 528, § 529 and § 530.

The instant case comes before this Court to review the January 5, 1987 Order of the District Court of Carter County that declared invalid and ordered vacated a March 20, 1986 Order of the Director (erroneously denominated Order of the Commission) and which overruled Appellant's Motion to Dismiss Appellee's Petition for Appeal to the District Court. As noted, the Petition for Appeal was from the March 20, 1986 decision of the Director. Said decision had endorsed the recommendation of a hearing officer that Appellee be fined five hundred dollars ($500.00) for a violation of 37 O.S. Supp.1985 § 538(D), which in pertinent part provides a misdemeanor criminal penalty for selling an alcoholic beverage to any person not entitled to purchase or receive same.[3] In that we have determined that

---

1. OKLA. CONST. art. 28, §§ 3 and 4 were amended by State Question 591, adopted at an election held November 4, 1986.

2. Other types of businesses are allowed to sell liquor by the drink under certain circumstances. *See e.g.* 37 O.S.Supp.1987, § 594 and § 594.1 (Caterer licensee and hotel licensee, respectively).

3. Appellee had originally been charged with violating 37 O.S.Supp.1985, § 537(A)(2), which in pertinent part prohibits selling, delivering or knowingly furnishing alcoholic beverages to an intoxicated person. The record appears to evidence the fact that Appellee was charged via the vicarious responsibility provision of the Oklahoma Alcoholic Beverage Control Act, 37 O.S. Supp.1987, § 596, which holds a licensee under

Appellee failed to exhaust his administrative remedies before ABLE Commission we reverse the Order of the District Court. In addition, because the Director had no statutory authority to enter a final order *imposing a civil fine* against Ledbetter for violation of any provision of the Act and, as far as the record before us discloses, ABLE Commission had neither delegated such authority to the Director consistent with the Act, nor taken any action in relation to the decision of the Director, the District Court had no jurisdiction to entertain an appeal from what, in essence, amounted to noth-

ing more than a recommendation to ABLE Commission from its Director. The endorsement by the Director was not an appealable final order. Thus, the first assignment of error raised by ABLE Commission, relying on these jurisdictional issues, along with the recognition that the Director had no statutory authority to enter a final order imposing a civil fine for violation of provisions of the Act, are deemed dispositive of this appeal and we need not reach the other two assignments of error set forth by Appellant for reversal of the District Court's January 5, 1987 Order.[4]

the Act responsible for the acts or omissions of said licensee's employee. An employee of licensee allegedly sold a mixed alcoholic beverage to an intoxicated customer of The Edge. At the conclusion of the March 4, 1986 evidentiary hearing before an administrative hearing officer, at which Appellee appeared *pro se,* counsel for Appellant was allowed, without objection, to amend the initial charge from a knowing sale to an intoxicated person, which Appellant asserts would have required mandatory revocation of Appellee's license upon finding a violation thereof pursuant to 37 O.S.Supp.1987, § 528(C)(1), to what Appellant asserts was the lesser violation of § 538(D) which would not require mandatory revocation. The oral amendment appeared to be based on counsel's view that Appellee had taken care of removing an intoxicant from his establishment earlier in the evening. Original Record, pg. 113 (March 4, 1986 Hearing Transcript, pg. 51).

4. In addition to overruling Appellant's Motion to Dismiss for failure to exhaust his administrative remedies before ABLE Commission, the District Court declared invalid and vacated the March 20, 1986 decision of the Director based on the court's view that Appellant exceeded its authority when it proceeded against Appellee under 37 O.S.Supp.1985, § 538(D), a provision the District Court characterized as a criminal offense, said offense being triable only in an appropriate state district court, rather than under 37 O.S.Supp.1985, § 528(C)(1). Appellant initially argues said decision was erroneous because Appellee waived the issue by failing to object to proceeding under § 538(D) at the administrative proceeding. Secondarily, Appellant asserts it does have such authority, apparently based on the contention that § 538(D) creates an independent prohibited act, a violation of which can subject a licensee to civil fine or suspension for a careless or negligent sale to an intoxicant when a knowing sale cannot be shown under either § 528(C)(1) (knowing sale to visibly intoxicated person) or § 537(A)(2) (knowing sale to intoxicated person). Because of our disposition of this matter we do not reach these arguments, nor do we intimate

whether the 1985 additions and amendments to the Act have altered it so that either fine or suspension may be imposed for ordinary carelessness or negligence or even on the theory of strict liability, (upon which one reading of the March 20, 1986 Report of Hearing Officer and his decision therein could be based) in the sale to an intoxicant, when a knowing sale to a visibly intoxicated person, which would require mandatory revocation under § 528(C)(1), cannot be shown. Previously, this Court has ruled that only a knowing violation would suffice for disciplinary action against a licensee. *See e.g. Oklahoma Alcoholic Beverage Control Board v. Welch,* 446 P.2d 268 (Okla.1968). Such decision, however, was made at a time when the potentiality for civil fines did not exist, when willfull violations of the act were required for revocation or suspension and at a time when no vicarious responsibility provision existed making a licensee responsible for the acts or omissions of his employees such as 37 O.S.Supp. 1987, § 596 now does. *See also Oklahoma Alcoholic Beverage Control Board v. Moss,* 509 P.2d 666, 668–669 (Okla.1973) (only in certain circumstances would carelessness or failure to make due inquiry subject a licensee to the mandatory revocation provision of an earlier enactment of § 528, 37 O.S.1971, § 528(2), when a knowing sale was made to a person under the age of twenty-one). Again we express no view as to these matters.

Finally, Appellant questions the District Court's ruling that because Appellee had previously been tried and acquitted at a non-jury trial in Carter County in criminal Case No. CRM–85–553 for the same act charged by ABLE Commission that it would be a violation of the Double Jeopardy Clauses of the United States and Oklahoma Constitutions (U.S. CONST., Amend. 5 and OKLA. CONST., art. 2, § 21) to allow Appellant to proceed against him in a civil administrative proceeding under a criminal provision of the Act. Appellant contends Appellee waived this issue by not properly raising it at the administrative proceeding and that double jeopardy was not implicated because of the civil nature of the administrative process, involving a

After receiving a Notice of Contemplated Suspension or Revocation of License for purported violation of 37 O.S.Supp.1985, § 537(A)(2), Appellee was afforded a hearing before an ABLE Commission hearing officer on March 4, 1986. At the conclusion of the hearing the charge against Appellee was amended without objection, to a violation of 37 O.S.Supp.1985, § 538(D). The hearing officer rendered his Report on March 19, 1986, recommending a fine of five-hundred dollars ($500.00) for violation of § 538(D). On March 20, 1986 the Director executed an "Order of the Commission" affirming the Report of the Hearing Officer in its entirety, and purporting to fine Appellee in the amount of five-hundred dollars ($500.00). The "Order" also indicated that if the fine were not paid by April 25, 1986 or appealed by that date his license would be revoked. Finally, the "Order" indicated it would become final fifteen (15) days after it was received by Appellee, unless timely appealed. The Report of the Hearing Officer and the "Order" were received by Appellee on March 22, 1986. Instead of requesting a hearing before the ABLE Commission pursuant to 37 O.S. Supp.1985, § 529 or § 530 to challenge the decision of the Director, Appellee filed his Petition for Appeal in the District Court on April 3, 1986. Appellee appears to argue, as he did in the District Court, that no further appeal to ABLE Commission was provided to test the imposition of a fine, but apparently only to challenge the propriety of revocation or suspension. He also tells us that the decision of the Director was on behalf of the ABLE Commission apparently because it was erroneously labeled "Order of the Commission" and that the Order, itself, indicated it would become final within fifteen (15) days unless timely appealed.[5] Appellee misconstrues the statutory scheme, as relevant here, in regard to appealing an adverse decision of the Director to the ABLE Commission whether the decision of the Director specifies a civil fine, suspension or revocation as the penalty for violating the Act. Further, the Act itself provides a mandatory right to be heard by the full ABLE Commission and, therefore, notwithstanding any ambiguities in the March 20, 1986 Order or the then applicable rules of the ABLE Commission, the Appellee failed to exhaust his administrative remedies prior to initiating the proceeding in the District Court.

37 O.S.Supp.1987, § 529 contains provisions for notifying an applicant for an original license that same is being denied,

different standard of proof than a criminal matter. Apparently, Appellee was charged in CRM–85–553 with the offense of permitting an intoxicated person at his establishment in violation of 37 O.S.Supp.1985, § 537(H) or § 538(I), arising from the same event(s) as giving rise to the administrative proceeding. Although Appellee designated the record in CRM–85–553 in a February 4, 1987 pleading in the District Court such has not been transmitted to this Court. In that we do not reach this double jeopardy issue said record is unnecessary for disposition of this appeal.

**5.** Appellee further references in the text of his August 13, 1987 Brief of Appellee at pg. 5, Rule 15 of the Guidelines for Hearings Before the Alcoholic Beverage Laws Enforcement Commission which he cites in support of his view that the Director had the authority to sign an Order *for* the Commission and, apparently, that such an "Order" would become final for purposes of appeal pursuant to 75 O.S.1981, § 318 of the Oklahoma Administrative Procedure Act, if not appealed within fifteen (15) days of receipt. Appellant tells us Rule 15 of the "Guidelines" was just that, i.e. a guideline concerning its

administrative hearings, not having the force of law, ABLE Commission having never met the statutory requirements for agency rulemaking in regard to the "Guidelines" pursuant to 75 O.S.1981, § 301 et seq., as amended. The Court has not been provided a copy of these "Guidelines" and to say the least, the one Rule quoted by Appellee is not free from ambiguity. However, notwithstanding the assumed existence of Rule 15 or an analysis of its intention or correct interpretation, we have determined that the statutory scheme of the Act itself gave to Appellee the inviolable right to be heard by the Commission as to any adverse decision made by the Director in this case that could not be taken away by any rule or guideline promulgated by the ABLE Commission.

Further, there is simply no evidence or record that the ABLE Commission itself has taken any action in relation to the March 19, 1986 Report of the Hearing Officer or anything to refute the argument made by Appellant at the January 5, 1987 oral argument in the District Court that the March 20, 1986 "Order of the Commission" executed by the Director was erroneously so labeled and that it was not an order of the Commission. Transcript of Hearing, pg. 4.

in the case of a license holder that their license will not be renewed or of contemplated or proposed suspension or revocation of a license. In the case of a proposed suspension or revocation the hearing based upon such a notice shall not be held less than fifteen (15) days from the date of mailing, delivery or posting said notice. This initial hearing phase can be delegated to the Director or his assistants for the taking of evidence, but any person aggrieved by any order or decision issued by the Director is given a statutory right to be heard by the ABLE Commission, the Commission cannot deny this right and it is under a legislative mandate to set up procedures to protect the right of aggrieved persons to exercise this right of appeal to the ABLE Commission. § 529 and 37 O.S. Supp.1987, § 508.[6]

6. The procedures in effect at the time of the March 4, 1986 hearing in regard to the relative duties of the Director and Commission and as to what authority was delegated by the Commission to the Director are contained at Articles 6, 7 and 9 of the Rules and Regulations of the Alcoholic Beverage Laws Enforcement Commission adopted May 3, 1985. 2 Okla.Reg. 02111–02115 and 02119–02137 (1985). Although there was an amendment to Article 9, § 6 of the Rules and Regulations on February 21, 1986 said amendment is not relevant here. Further, certain amendments to Article 9 in March of 1987 would be inapplicable here, having been made after the relevant time frame.

As pertinent here Article 6, § 1 of the ABLE Commission's Rules and Regulations delegates to the Director the functions contained in 37 O.S.Supp.1987, § 529 concerning notifying licensees of proposed suspension or revocation. Article 6, § 2 of the rules further delegates to the Director the ability to hold hearings on proposed suspensions or revocations and to revoke or suspend a license. However, § 2(a) of Article 6, in apparent conformity with the mandate of § 508 and § 529, allows any licensee aggrieved by the action of the Director in revoking or suspending a license the right to be heard by the Commission. Article 9, § 1 of the rules also recognizes the right of all licensees to a hearing before the Commission, notwithstanding the delegation of any duty by it upon the Director. We need not delineate here the scope of any such hearing before the Commission, under either the ABLE Commission's own rules or under 37 O.S.Supp.1987, § 530 (hearing for aggrieved persons), i.e. whether such a hearing would consist of a trial *de novo* or something less. We further need not greatly concern ourselves with the failure of § 2(a) to expressly mention civil fines within its ambit (in addition to suspension or revocation) or with what Appellant told the District Court was an inadvertent omission of line number 7 of § 2(a) when the rules were reprinted in 1985. We need not because, as will be shown infra and as already noted in f.n. 5, the Act itself gave to Appellee the inviolable right to be heard by the ABLE Commission. However, a few words are in order. In the District Court Appellant attached to its Motion to Dismiss the affidavit of Charles Weaver, Assistant Director of the Alcoholic Beverage Laws Enforcement Commission which purported to explain to the District Court that one line (line number 7) of Article 6, § 2(a) had inadvertently been omitted from the sub-section upon reprinting the rules in 1985. The omitted material, if, in fact, it was inadvertently omitted made it clear that a right to appeal to the full Commission was allowed from any Order of the Director either suspending or revoking a license. The pertinent part of § 2(a) is set out below, with the omitted material in brackets:

Any licensee aggrieved by the action of the Director, may in cases where a license or renewal therof is denied, or a suspension or revocation thereof is ordered, within fifteen (15) days after the receipt of Notice [thereof, file with the Board a written request for an appeal from the Order] of the Director and a hearing before the Commission, and shall be accorded such hearing in compliance with the provisions of the Act. The Director shall cause a transcript of the testimony heard by him to be presented to the Commission on or before the date of the hearing by the Commission.

Mr. Weaver further explained in his affidavit that for twenty-five (25) years the practice of the agency was to allow an appeal *from adverse action* of the Director and that the inadvertent omission was not meant to change this practice. *See also* Article 6, § 1 (last line of section appears to allow right to be heard by Commission from any adverse decision of Director in regard to licensee when request made within fifteen days of receipt of decision). This does appear to have been the long-standing practice of the agency. *See Robbins v. Oklahoma Alcoholic Beverage Control Board*, 461 P.2d 610, 611 (Okla. 1969). It has also been the position taken by Appellant throughout these proceedings. In any event, because of the apparent confusion on the part of Appellee's attorney as to the right to appeal a civil fine and his view that the March 20th endorsement of the Director of the hearing officer's decision was a final order of the ABLE Commission because it was erroneously labeled "Order of the Commission" and most importantly because the Director does not have the power to enter a final order on his own that would be subject to review by a district court pursuant to the Oklahoma Administrative Procedure Act, 75 O.S.1981, § 301 et seq., as amended and under 37 O.S.Supp.1987, § 531, we have determined that the ABLE Commission must review the March 20th endorsement and act upon it in

 Although § 529 does not expressly mention the possibility of a civil fine or monetary penalty or appeal to the ABLE Commission from a decision of the Director in regard to imposition of a civil fine, a reading of the Act as a whole evidences a legislative intent that would allow and, in fact, mandate Appellee's right to appeal any such decision of the Director to the full ABLE Commission. Of course, the primary goal of statutory construction is to ascertain and follow the intention of the legislature[7] and in construing statutes relevant provisions must be considered together, where possible, to give force and effect to each.[8] Further, the cardinal rule of statutory construction is to begin with consideration of the language used and courts should not read into a statute exceptions not made by the Legislature.[9] Finally, statutory construction that would lead to an absurdity must be avoided and a rational construction should be given to a statute if the language fairly permits.[10] With these rules of construction in mind we turn to a discussion of whether Appellee had the right to appeal to the ABLE Commission the decision of the Director to impose a civil fine against him.

Civil fine authority was first added to the Act by the additions and amendments of 1985. 37 O.S.Supp.1985, § 528(F) and (G). Under § 528(F) the ABLE Commission was given authority to, "[I]mpose a monetary penalty *in lieu of or in addition to suspension of a license.*"[11] (emphasis added) At the same time that said authority was granted to the ABLE Commission by the Legislature, the Director had added to his specific powers and duties the ability to recommend the levying of fines against licensees. 37 O.S.Supp.1985, § 509(A)(4). He, of course, could also recommend suspension or revocation. *Id.*

 As mentioned, § 529 does not use the words civil fine or monetary penalty or expressly say that an aggrieved licensee has the *right* to appeal to ABLE Commission from a decision of the Director calling for a civil fine. However, when § 529 is read in conjunction with § 528(F), which gave ABLE Commission the power to impose such fines and § 509(A)(4) which granted the Director power to recommend same, it becomes clear that the intent of the Legislature was to allow an aggrieved licensee the right to be heard by the full Commission not just from the adverse action of the Director in regard to suspension or revocation, but also when the Director endorses the penalty of a civil fine. To rule otherwise we would have to ignore the language of § 509(A)(4) which grants to the Director only the power *to make recommendations* to ABLE Commission concerning the levying of fines. *See also* § 509(A)(5) (recommendations to Commission regarding violations). Further, a ruling that only the disciplinary sanction of suspension or revocation can be appealed to the full Commission under § 529 could lead to absurd results, assuming the Director has final authority to impose a civil penalty. The Commission is given authority to impose a monetary penalty in lieu of *or in*

---

some manner for it to have finality subject to review in a district court. Without such review and action the March 20th document is nothing more than the interlocutory recommendation of the Director, as will be discussed infra.

7. *Hess v. Excise Board of McCurtain County,* 698 P.2d 930, 932 (Okla.1985); *State ex rel. Cartwright v. Georgia–Pacific,* 663 P.2d 718, 722 (Okla.1982).

8. *Dana P. v. State,* 656 P.2d 253, 258 (Okla. 1982).

9. *Seventeen Hundred Peoria, Inc. v. City of Tulsa,* 422 P.2d 840, 843–44 (Okla.1966), quoting *City of Bristow, ex rel. Hedges v. Groom,* 194 Okla. 384, 151 P.2d 936, 940 (1944).

10. *LeFlore v. Reflections of Tulsa, Inc.,* 708 P.2d 1068, 1075 (Okla.1985).

11. The failure of a licensee to pay a fine imposed by ABLE Commission has been made by the Legislature a ground for mandatory revocation of a license. 37 O.S.Supp.1987, § 528(G). Of course, ABLE Commission also has been specifically granted the power to suspend or revoke a license for violation of the Act or rules and regulations promulgated by the Commission. 37 O.S.Supp.1987, § 514(5). Certain violations carry mandatory revocation, 37 O.S. Supp.1987, § 528(C)(1)–(3), (D) and (G), while others are subject to the potentiality of revocation, suspension or fine at the discretion of ABLE Commission. § 528(A), (B), (E), (F) and (H).

*addition* to a suspension in § 528(F). Therefore, in some cases we anticipate both a suspension and a fine will be recommended by the Director.[12] It would be an anomaly in such a situation for the propriety of the suspension but not the fine, to be appealable to the full Commission. We cannot sanction such an absurd result, particularly in light of the concluding language of § 529 which provides as follows: "[A]ny person aggrieved by any order shall have the right to be heard by the ABLE Commission and the ABLE Commission shall provide adequate procedure to protect the right of persons desiring to do so," and § 530 of the Act which further grants to any aggrieved person the right to be heard by ABLE Commission.

What these sections of the Act and § 508 indicate is that the Legislature intended, as to the procedural scheme that a licensee faced with potential disciplinary action would have at his disposal, was that the initial hearing would be before the Director or an assistant (i.e. hearing officer) if the ABLE Commission delegated this function under § 508 or § 529, and that said licensee had an absolute right to appeal to or be heard by the full ABLE Commission as to *any* adverse decision of the Director or hearing officer approving of a disciplinary sanction. This is so regardless of whether the disciplinary sanction was fine, suspension or revocation. Therefore, in that the record is clear that Appellee did not take advantage of appeal to the full ABLE Commission in regard to the March 20, 1986 decision of the Director, the Order of the District Court in denying Appellant's Motion to Dismiss for failure to exhaust his administrative remedies must be reversed.

■ This Court has held that exhaustion of administrative remedies is a jurisdictional prerequisite for resort to the courts.[13] In the instant case, as seen above, Appellee had a remedy granted by statute that has never been utilized by him to challenge the action of the Director in endorsing the fine as recommended by the hearing officer. The rationale behind exhaustion of administrative remedies is based on various policy determinations. Exhaustion will normally allow the agency to exercise discretion or apply its expertise in the area or under the statutory scheme it is charged with administering, it is generally more efficient to allow the administrative process to move forward without interruption, the agency may discover and correct its own errors in the administrative process and, in fact, the complaining party may actually succeed in vindicating his rights in the process and the courts may never have to intervene. Finally, frequent and deliberate flouting of the administrative process may weaken the effectiveness of an agency by encouraging people to ignore its procedures.[14] Therefore, only in exceptional circumstances will exhaustion of administrative remedies be excused. One such circumstance is where the situation involves the presence of constitutional questions, coupled with a sufficient showing of the inadequacy of the administrative process or remedy *and* of threatened or impending irreparable injury flowing from the delay that would be caused by following the administrative process.[15] Further, where the intent of the statutory scheme

12. In fact, the penalty schedule contained in ABLE Commission Rules and Regulations, 2 Okla.Reg. 02121–02134 (1985), which is Article 9, § 6, as amended, contains the possibility of both fine and suspension for various violations of the Act or rules of the Commission.

13. *Martin v. Harrah Independent School District*, 543 P.2d 1370, 1372 (Okla.1975). The statutory scheme involved in *Martin*, which involved the non-renewal of a tenured teacher's contract, provided for an appeal of a recommendation of the Professional Practices Commission to the State Board of Education. *Id.* at 1372–73. Martin did not take advantage of said appeal but instead filed an action in the district court for reinstatement and damages at the same time she was proceeding before the Commission. Ultimately, the district court issued a Writ of Mandamus ordering reinstatement which was reversed by this Court for failure of Martin to exhaust her remedy of appeal to the State Board.

14. *Id.* at 1374, relying on *McKart v. United States*, 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969); *Speaker v. Board of County Commissioners*, 312 P.2d 438, 441–443 (Okla.1957).

15. *Martin v. Harrah Independent School District*, 543 P.2d at 1375, supra fn. 13.

clearly requires administrative action or determination in advance of judicial intervention a strong showing as to both inadequacy of the procedure and of impending harm must be made to permit by-passing the administrative process.[16] It is our view that Appellee made no such showing in the district court, nor has he made such a showing here. Therefore, the above exception to exhaustion of administrative remedies was not applicable to excuse his use of the appeal mechanisms available under 37 O.S.Supp.1987, § 529.

Another exception to the exhaustion requirement may be available where a challenge is made to the power of the agency to act at all under the statutory scheme it is charged with administering.[17] This doctrine, however, would only appear applicable in those situations where under no circumstances would the administrative agency have the power or authority to act as it did.[18] Here there was no question that ABLE Commission had statutory authority granted by the Legislature to impose civil penalties for violation of the Act. This authority was specifically granted by § 528(F). The questions posed by Appellee in the lower court merely went to whether the unreviewed and unappealed to the full Commission determination of the Director was based upon and the charge against Appellee brought under the appropriate section of the Act and whether double jeopardy barred the agency from proceeding. Whether one views these as purely questions of law, as the district court did, or not, is simply not the deciding factor in an exhaustion of administrative remedies context. Administrative agencies, like courts, are often called upon to decide questions of law. They often are called upon to interpret the statutes they are charged with administering and regulations they themselves promulate.[19] In fact, the Oklahoma Administrative Procedure Act, 75 O.S.1981, § 301 et seq., as amended, itself requires state agencies to state their conclusions of law when deciding individual cases. 75 O.S.1981, § 312. Further, a reviewing court can reverse, modify or remand the decision of an administrative agency for various reasons, including errors in its conclusions. 75 O.S.1981, § 322. Finally, in an administrative appeal, a court can reverse the decision of an administrative agency if rendered in excess of the agencies' statutory authority or jurisdiction. 75 O.S.1981, § 322(1)(b). The presence of questions of law alone is simply not a sufficient reason to by-pass administrative avenues for relief. The District Court was incorrect when it so ruled and when it based its decision, in part, on the presence of questions of law to take jurisdiction of the matter prior to Appellee taking advantage of his statutory right to be heard by the Commission. Thus, the Commission should have been given the opportunity, in the first instance, to rule on any issues Appellee sought to raise as to why a civil penalty should not have been imposed based upon whatever theories Appellee deemed appropriate or relevant.[20]

A related reason why we believe the District Court had no jurisdiction of this matter is that the March 20, 1986 decision of the Director was not a final order subject to appeal under 75 O.S.1981, § 318. The District Court ruled on this issue as follows: "[T]hat the Order issued signed by the Director of the ABLE Com-

---

16. *Id.*

17. *Marley v. Cannon,* 618 P.2d 401, 406–407 (Okla.1980). *Marley* involved a situation where this Court held that neither the Oklahoma Securities Commission nor the Administrator of the Oklahoma Department of Securities had the statutory power to issue cease and desist orders against a business entity deemed to be in violation of the Oklahoma Securities Act, 71 O.S. 1981, § 1 et seq.

18. *Id.* at 406–407.

19. *See Jones v. Federal Deposit Ins. Corp.,* 748 F.2d 1400 (10th Cir.1984) and *Bell v. Phillips*

*Petroleum Co.,* 641 P.2d 1115, 1121–1122 (Okla. 1982).

20. It should be noted that generally when a court in an appeal brought pursuant to 75 O.S. 1981, § 318 reaches issues not raised before the administrative agency it acts beyond its authority because it operates to invade into an arena of an agencies' original cognizance. *See Ricks Exploration v. Okl. Water Resources Board,* 695 P.2d 498, 502 (Okla.1984); *Seely v. Oklahoma Horse Racing Com'n,* 743 P.2d 685, 690 (Okl. App.1987).

mission dated March 20, 1986, *appears* to be the Order of the Commission as designated on the caption of the Order and therefore would constitute a final Order...." (emphasis added) Original Record, pg. 29. The District Court made this ruling without any determination as to whether the Director had the power under the Act to enter a final order imposing a civil fine on behalf of the Commission, as to whether or not the ABLE Commission members had ever been presented with or reviewed the underlying case and as to whether or not the Director on his own had been granted the power under the Act to enter a final order imposing a civil fine on a licensee or whether such power had been or could be lawfully delegated to him by the ABLE Commission.

The statutory scheme itself does not expressly grant to the Director himself the authority to enter a final order imposing a civil fine, particularly without ABLE Commission review. In fact, the Act gives to the Director the power to *recommend* to the ABLE Commission the levying of fines and the ABLE Commission the power to levy same. *Compare* § 509(A)(4) with § 528(F) and (G). In that the language used in both of these provisions is plain and unambiguous and the meaning thereof clear, there is no need for us to apply any rules of construction, but the sections will be accorded the meaning expressed by the plain and unambiguous language.[21] We find no other provision of the Act inconsistent with this view, nor do we find anywhere in the Act where the Director has been granted the power or authority to enter a final order imposing a civil fine on behalf of the Commission, without the Commission first reviewing the matter and making its own determination.[22] It is not our place in this situation to give the statute a meaning not warranted by the language used, but only to arrive at legislative intent.[23] Therefore, the Director does not have the power to impose a civil fine on a licensee under the Act.[24]

The only remaining argument that could be made is that ABLE Commission somehow lawfully delegated the authority to the Director to enter a final order imposing a civil fine. We believe it has not so delegated, even assuming it has the power to do so.[25] At the time of the March 4, 1986 evidentiary hearing and the rendering of the decision of the Director the Rules and Regulations of the Alcoholic

---

21. *Cave Springs Public School District I–30 v. Blair,* 613 P.2d 1046, 1048 (Okla.1980).

22. The record presented to the District Court simply does not warrant any finding or conclusion that ABLE Commission did review the matter or that said Commission authorized the Director to sign an order on ABLE Commission's behalf, after it made a review. In fact, under 75 O.S.1981, § 311 the members of ABLE Commission would be required, at a minimum, to review the record prior to rendering a final decision. *Tulsa Classroom Teachers Ass'n. v. State Board of Equalization,* 601 P.2d 99, 102 (Okla. 1979).

23. *See City of Bristow v. Groom,* 194 Okla. 384, 151 P.2d 936, 940 (1944); *Seventeen Hundred Peoria, Inc. v. City of Tulsa,* 422 P.2d at 843–44, supra fn. 9.

24. We recognize that a state officer generally has by implication those powers that are necessary for the due and efficient exercise of powers expressly granted by the Legislature. *Marley v. Cannon,* 618 P.2d at 405, supra fn. 17. However, we conceive of no necessity for the Director to have authority to enter a final order imposing a civil fine to carry out his expressly granted powers, when ABLE Commission has such authority. In fact, in Appellant's submissions to this Court and in the District Court ABLE Commission argues the Director has no such authority. It would, therefore, be unwarranted to imply such power in the Director where it does not seem necessary to carry out his expressly granted powers.

25. Generally, an administrative body cannot delegate to another, in the absence of statute or organic provision, powers or functions which are discretionary or quasi-judicial in nature or which require the exercise of judgment. *Anderson v. Grand River Dam Authority,* 446 P.2d 814, 818 (Okla.1968); *Jennings v. Strange,* 202 Okla. 11, 209 P.2d 691, 695–696 (1949); *Van Horn Oil Co. v. Oklahoma Corporation Com'n.,* 753 P.2d 1359, 1363 (Okla.1988). Although both 37 O.S.Supp.1987, § 508 and § 529 speak of the ABLE Commission being allowed to delegate certain of its powers to the Director, consistent with protecting any aggrieved person's right to be heard by the full Commission, § 508 being couched in general language and § 529, in part, allowing delegation of the initial evidentiary hearing phase to the Director or his assistants (i.e. hearing officers), it appears questionable whether the delegation of the ability to enter a

Beverage Laws Enforcement Commission relevant here concerning what authority was delegated to the Director by ABLE Commission are contained at Article 6 of the Rules and Regulations.[26] Nowhere in said Article or in any other rule or regulation of the ABLE Commission we have reviewed had the Director been delegated the authority to enter a final order imposing a civil fine on a licensee.[27] Without such a delegation the Director simply had no authority, either by statute or administrative rule, to enter a final order imposing a civil fine upon Appellee that was appealable to a District Court pursuant to either 37 O.S.Supp.1985, § 531 or 75 O.S.1981, § 318. The March 20, 1986 action of the Director, no matter what it was labeled was, thus, nothing more than a recommendation to the ABLE Commission. In that the ABLE Commission, as shown by the record presented to this Court, has never taken any steps to review the action of the Director, no final order existed for the District Court to review and said court should have dismissed Appellee's Petition for Appeal to it upon jurisdictional grounds for such reason and because Appellee failed to exhaust his statutorily mandated administrative remedies. Accordingly, we *reverse* the decision of the District Court and *remand* to that court with instructions to enter an order dismissing Appellee's Petition for Appeal for want of subject-matter jurisdiction. In view of the absence of any definitive ABLE Commission rule or regulation clearly informing Appellee of his right to appeal to the full Commission from the recommendation of the Director endorsing a civil fine, we order that Appellee shall have a reasonable time within which to exhaust his administrative remedies following the issuance of this Court's mandate.

DOOLIN, C.J., HARGRAVE, V.C.J., and HODGES, OPALA, ALMA WILSON, KAUGER and SUMMERS, JJ., concur.

SIMMS, J., concurs in result.

---

final order to the Director by ABLE Commission would be authorized without the full Commission at some point reviewing the matter and taking some action on the decision of the Director, whether at the initiation of some person aggrieved by the action of the Director or at the instigation of the ABLE Commission itself in the regular course of its business. After all it is the ABLE Commission that is charged by constitutional provision with enforcing the alcoholic beverage laws of the State, even though OKLA. CONST. art. 28, § 1 gives the Commission authority to appoint a Director, whose duties will be determined by the Legislature. Further, 37 O.S.Supp.1987, § 531 speaks of a right to appeal to a district court from the order of the ABLE Commission entered after a hearing before the ABLE Commission pursuant to 37 O.S.Supp. 1987, § 530. The Act, thus, gives final authority in regard to disciplinary matters to the ABLE Commission and it would appear inconsistent with such authority to grant ABLE Commission the ability to delegate this authority to the Director without the full Commission in all cases reviewing the action of the Director.

26. *See* fn. 6, supra.

27. As noted in fn. 6, supra, Article 6, § 2 of the Rules and Regulations purports to delegate to the Director the ability to revoke or suspend a license. The ability to impose a civil fine is not mentioned. However, if the delegation contained in Article 6, § 2 is meant to give the Director final authority in the matter as to revocation or suspension without some type of review being conducted by the ABLE Commission and determination by them, even in the absence of a request to be heard by an aggrieved party, such delegation may be invalid. *See* fn. 25, supra, We need not definitively decide this issue because for whatever reason the rule delegating authority in effect at the time was silent as to the imposition of civil fines.