Dear Representatives Fallin,
¶ 0 The Attorney General has received your letter asking for an official opinion addressing, in effect, the following question:
With regard to elections in the State of Oklahoma, are therestatutory or constitutional provisions which authorize the use ofpublic funds by state agencies or officials to advocate aspecific election result?
¶ 1 A general review of the constitutional provisions and statutory law within the State of Oklahoma does not indicate a specific grant of authority which allows public officials to expend public funds to advocate a specific result in an election. To the contrary, one specific statute, 26 O.S. 16-119 (1991), precludes the use of public funds to influence the outcome of elections that concern initiative or referendum. That statute states:
 Any official in this state who shall direct or authorize the expenditure of any public funds under his care, except as specifically authorized by law, to be used either in support of, or in opposition to, any measure which is being referred to a vote of the people by means of the initiative or referendum, or which citizens of this state are attempting to have referred to a vote of the people by the initiative or referendum, shall be deemed guilty of a misdemeanor, and the office held by such party shall be judged vacant and shall be filled in the manner prescribed by law.
¶ 2 The Supreme Court has held that this statute, as a penal statute, applies only to referendum or initiative elections.Quinn v. City of Tulsa, 777 P.2d 1331 (Okla. 1989). Other elections, such as the municipal bond election challenged inQuinn, are not covered by 26 O.S. 16-119.
¶ 3 We have issued several opinions, including among others A.G. Opin. Nos. 80-102, 80-241, 80-310,[1] that have addressed concerns over the use of public funds in elections. These opinions indicate that the majority of jurisdictions have held that the expenditure of public funds cannot be used to advocate a particular result in an election. In Stern v.Kramarsky, 375 N.Y.S.2d 235, 239 (N.Y.S.Ct. 1975) the court stated:
 Public funds are trust funds and as such are sacred and are to be used only for the operation of government. For government agencies to attempt to influence public opinion on such matters inhibits the democratic process through the misuse of government funds and prestige. Improper expenditure of funds, whether directly through promotional and advertising activities or indirectly through the use of government employees or facilities cannot be countenanced. People of all shades of opinion and belief contribute these funds from one source or another. No agency may misuse any such funds for promoting its own opinions, whims, or beliefs, irrespective of the high ideals or worthy cause it espouses, promotes or promulgates. (Citation omitted.)
¶ 4 Another court indicated that:
 Indeed, every court which has addressed the issues today has found the use of public funds for partisan campaign purposes improper, either on the ground that such use was not explicitly authorized or on the broader ground that such expenditures are never appropriate. (Citations omitted.)
Stanson v. Mott, 551 P.2d 1, 8 (Cal. 1976).
¶ 5 However, it has been held that when the public body formulated the program that was the subject of the vote, the duty of the public body may be different. Citizens to Protect Fundsv. Board of Education, 98 A.2d 673, 677 (N.J. 1953). That court held:
 We do not mean that the public body formulating the program is otherwise restrained from advocating and espousing its adoption by the voters. Indeed, as in the instant case, where the program represents the body's judgment of what is required in the effective discharge of its responsibility, it is not only the right but perhaps the duty of the body to endeavor to secure the assent of the voters thereto.
¶ 6 It has also been held that public agencies and officials may generally publish fair presentations of the facts relevant to election matters. Stanson, infra. (See eg. 70 O.S. 5-117(6) (1991), "The Board of Education of each school district shall have power to . . . provide informational material concerning school bond elections[.]").
¶ 7 To answer your question, we found no general statutory or constitutional provisions which specifically authorize the use of public funds to advocate specific election results. State officials have specific authority and powers set out by statutory enactments and constitutional provisions. They also retain powers and authority that may be fairly implied from the specific grants of authority. Ledbetter v. Oklahoma Alcohol Beverage LawEnforcement Commission, 764 P.2d 172 (Okla. 1988). Therefore, before a determination may be made as to whether a particular expenditure of public funds would be proper, reference must be made to the particular official, her specific duties and the type of election involved. Reference to these facts would be necessary before it could be determined whether any particular expenditure was, in fact, unlawful or improper.
¶ 8 It is, therefore, the official opinion of the AttorneyGeneral that:
 1. No state statutory or constitutional provisionsspecifically authorize the use of public funds by state agenciesor officials to advocate a specific election result. Generally,public funds cannot be used to promote a specific election resultunless there are particular factual circumstances which create anexception. Use of public funds to oppose or support mattersreferred to the voters by initiative or referendum isspecifically prohibited by 26 O.S. 16-119 (1991).
 2. A.G. Opin. No. 80-310, which concerns school bond electionsunder Okla. Const. Article X, Section 9 and Article X, Section10, is modified to reflect that 26 O.S. 16-119 (1991) is onlyapplicable to school bond elections that are referred to thevoters by means of initiative or referendum and does notnecessarily apply to all school bond elections.
SUSAN BRIMER LOVING Attorney General of Oklahoma
GUY L. HURST Assistant Attorney General Chief, Federal and Tort Divisions
[1] Under the holding in Quinn, A.G. Opin. No. 80-310 should be modified to reflect that 26 O.S. 1991, § 16-119[26-16-119] is only applicable to school bond elections that are referred to the voters by means of initiative or referendum.