Dear Representative Wells,
¶ 0 This office has received your letter asking for an official Attorney General Opinion in which you ask, in effect, the following question:
Does the amendment to 70 O.S. 1991, § 5-117(A)(14), inEnrolled House Bill 2785 of the Second Regular Session of the46th Oklahoma Legislature, allow a board of education to adopt apolicy allowing per diem meal expense reimbursement of aschool district's employees while on district travel?
¶ 1 Your question requires the analysis of the language of 70O.S. 1991, § 5-117[70-5-117](A)(14) before and after Enrolled House Bill 2785, effective July 1, 1998. Before the amendment, 70 O.S. 1991§ 5-117[70-5-117](A)(14) stated that boards of education of each school district in the State of Oklahoma shall have the power to pay for the necessary itemized and documented travel expenses of employees and board members. Enrolled House Bill 2785 struck certain language and substituted (as underlined) other language as follows:
 Contract with and fix the duties and compensation of physicians, dentists, optometrists, nurses, attorneys, superintendents, principals, teachers, bus drivers, janitors, and other necessary employees of the district and pay their necessary itemized and documented travel expenses, and pay necessary itemized and documented travel expenses of the board of education. The board of education of a school district may develop a policy allowing for payment of meal expenses incurred by employees of the district or members of the board during authorized travel on a per diem allowance basis rather than requiring meal expenses to be itemized and documented provided, however, no board of education of any school district may establish any per diem greater than the per diem allowance authorized. The board of education shall establish a written policy for reimbursement of necessary travel expenses of employees and members of the board. The written policy shall specify procedures containing documentation requirements equal to or greater than the requirements specified
by law for state employees in Section 500.8 of Title 74 of the Oklahoma Statutes the State Travel Reimbursement Act[.]
1998 Okla. Sess. Laws ch. 365, § 8(A)(14).
¶ 2 Your question asks specifically whether a board of education may now adopt a board policy which includes a provision for a per diem meal expense reimbursement of district employees in light of the per diem language, in particular, being stricken in the amended statute.
¶ 3 In summary, the legislative changes to Section 5-117(A)(14) of Title 70, mandate the following:
1. "[A] written policy for reimbursement";
2. Payment for "necessary travel expenses";
 3. "[P]rocedures containing documentation requirements equal to or greater than the requirements specified by law for state employees in the State Travel Reimbursement Act[.]"
¶ 4 The prior language, which allowed only for necessaryitemized and documented travel expenses, with an option for per diem meal allowance in lieu of itemized and documented meal expense, was stricken from 70 O.S. 1991, § 5-117[70-5-117](A)(14). We must now construe the statute in light of the revised language in the statute. In construing statutes, the general rule is that words are to be given an ordinary meaning "except when a contrary intention plainly appears." 25 O.S. 1991, § 1[25-1]. The present statute allows payment for necessary travel expenses with no requirement for itemization. The Legislature did give a clear requirement that necessary travel expenses must be documented, and that the board's policy must be written and contain procedures with documentation requirements equal to or greater than those found in the State Travel Reimbursement Act, 74 O.S.1991 and Supp. 1998, §§ 500.1-500.36. 70 O.S. Supp. 1998, §5-117[70-5-117](A)(14). The State Travel Reimbursement Act does not require itemization or documentation for per diem meal reimbursement.
¶ 5 Therefore, we must give "a rational construction" to the amended statute "if the language fairly permits." Ledbetter v.Oklahoma Alcoholic Beverage Laws Enforcement Commission,764 P.2d 172, 179 (Okla. 1988). The amended statute does not specify either itemized and documented travel expense reimbursement or per diem coverage of travel and meal expenses as the form of reimbursement. We can conclude that the Legislature has left open an option to each local school board to select the method of travel expense reimbursement for necessary travel in the district; the method is left to the board subject to the documentation requirements of the State Travel Reimbursement Act. We can reach this conclusion by considering the language of the statute as a whole in light of the general purpose and object of the statute. Oklahoma Journal Publishing Company v. OklahomaCity, 620 P.2d 452, 454 (Okl.Ct.App. 1980). The general purpose and object of the statute, of course, is to provide for reimbursement of necessary travel expenses incurred by the employees of a school board and by its board members. 70 O.S.Supp. 1998, § 5-117[70-5-117](A)(14).
¶ 6 Further, it is also clear that the amended Section 5-117(A)(14) is silent regarding the rate of reimbursement. We may treat legislative silence as giving rise to legislative intent. City of Duncan v. Bingham, 394 P. 2d 456, 460 (Okla. 1964). Using the language of the statute as a whole, we must conclude that the Legislature intended that each local school board establish and set rates of travel expense reimbursement. Whether a local board adopts a per diem method or an itemization and documentation method, is for the local board to decide. 70O.S. Supp. 1998, § 5-117[70-5-117](A)(14).
 CONCLUSION
¶ 7 A plain reading of 70 O.S. Supp. 1998, § 5-117[70-5-117](A)(14) shows that the Legislature has removed the requirement to itemize travel expenses, and has removed the language regarding payment for meal expenses on a per diem basis. However, no prohibition was placed on the use of either method. 70 O.S. Supp. 1998, §5-117[70-5-117](A)(14). The significant change in the section is that the Legislature has left it to each local board of education to establish the method and procedures for travel reimbursement in its written policy. The statute now directs only that a local board of education establish a written policy for reimbursement of necessary travel expenses to include "documentation requirements equal to or greater than the documentation requirements specified by law for state employees in the State Travel Reimbursement Act." Id. (emphasis added). No further requirements or restrictions are found in the statute.
¶ 8 It is, therefore, the official Opinion of the AttorneyGeneral that:
 Pursuant to 70 O.S. Supp. 1998, § 5-117(A)(14), as amendedin Enrolled House Bill 2785, Second Regular Session of the 46thOklahoma Legislature, each local board of education, as part ofits written policy for reimbursement of necessary travelexpenses, may adopt a written policy allowing per diem mealexpense reimbursement to employees and members of the board.
 Regardless of the method of necessary travel and meal expensereimbursement a local board of education selects, 70 O.S. Supp.1998, § 5-117(A)(14) now allows such matters to be left to thewritten policy and procedures of each local school board, subjectto the documentation requirements set out in the State TravelReimbursement Act. 74 O.S. 1991 and Supp. 1998, §§500.1-500.36.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
JOHN M. McCORMICK ASSISTANT ATTORNEY GENERAL