Dear Director Caton,
¶ 0 This office has received your request for an Attorney General Opinion. You have asked, in effect, the following questions:
Does the Oklahoma Medical Technology and Research Authorityhave the option to purchase workers' compensation insurance froma source other than the State Insurance Fund?
¶ 1 The Medical Technology and Research Authority of Oklahoma ("the Authority") is an agency of the State of Oklahoma. See74 O.S. 7052(A) (1998). The statute which gives rise to your question reads as follows:
 There is hereby created a body corporate and politic to be known as the "Medical Technology and Research Authority of Oklahoma", and by that name the Authority may sue and be sued, and plead and be impleaded. The Authority is hereby constituted an agency of the state, and the exercise by the Authority of the powers conferred by this act shall be deemed to be essential governmental functions ofthe state with all the attributes thereof. Provided, however, the Authority is authorized to carry liability insurance to the extent authorized by the Authority, and in addition thereto it shall be subject to the workers' compensation laws of the State of Oklahoma the same as a private employer."
74 O.S. 7052(A) (1998).
¶ 2 The general statute dealing with state agencies and their obligations under the workers' compensation law states:
 All public entities of this state, their agencies and instrumentalities, authorities and public trusts of which they are beneficiaries shall provide workers' compensation to their employees and elected officials engaged in either governmental or proprietary functions in accordance with this section. Compensation or indemnification for compensation shall be paid out of the funds of such public entities.
 Except as otherwise provided, the state and all its institutions of higher education, departments, instrumentalities, institutions and public trusts of which they are beneficiaries shall insure against liability for workers' compensation with the State Insurance Fund and shall not insure with any other insurance carrier unless the State Insurance Fund refuses to accept the risk when the application for insurance is made, or unless specifically authorized by law."
85 O.S. 2b(A) and 85 O.S. 2b(B)(1).
¶ 3 You have in essence asked if your statute is the equivalent to the "otherwise-provided" or "unless-specifically-authorized" language in Section 2b, i.e., whether the Authority has the ability to acquire workers' compensation insurance from a source other than the State Insurance Fund.
¶ 4 The primary goal of statutory construction is to ascertain and follow the intent of the Legislature. Ledbetter v. OklahomaAlcoholic Beverage Laws Enforcement Comm., 764 P.2d 172, 179
(Okla. 1988). In interpreting statutes, we must be cognizant that where two statutes deal with the same subject matter, one specific and one general, the specific statute controls, with both the general and specific statutory provision given harmonious effect. See State ex rel. White v. Beeler,327 P.2d 664, 668 (Okla. 1958); State ex rel. Williamson v. Evans,319 P.2d 1112, 1119 (Okla. 1957). Where the Legislature has clearly expressed its intent, the use of additional rules of construction are unnecessary and a statute will be applied as written. SeeFuller v. Odom, 741 P.2d 449, 452 (Okla. 1987). Additionally, an entity reviewing a statute is guided by 25 O.S. 1 (1991), "which generally requires that words used in a statute are to be understood in their ordinary sense unless a contrary intention plainly appears." First Am. Bank and Trust Co. of Purcell v.Oklahoma Indus. Fin. Auth., 951 P.2d 625, 631 (Okla. 1997).
¶ 5 The general statute provides that the State Insurance Fund shall be the workers' compensation insurance carrier for state agencies "except as otherwise provided" or "unless specifically authorized by law." The statute creating the Authority which provides that the Authority is subject to the workers' compensation laws "the same as a private employer" appears to fall within that area "otherwise provided," as it is "specifically authorized by law." We must then determine what relationship a "private employer" has with the State Insurance Fund.
¶ 6 A private employer's options include contracting with the State Insurance Fund, or contracting with a private carrier. 85O.S. 61 (1998). Although obtaining workers' compensation insurance through the State Insurance Fund is one option available to a private employer, a private employer is not limited to that by statute, unlike most state agencies. As the Authority is subject to the workers' compensation laws the same as a "private employer," it is no more restricted on where to purchase workers "compensation insurance than a private employer is. Therefore, the Authority is not required to purchase its workers" compensation from the State Insurance Fund.
¶ 7 This interpretation harmonizes the two statutes. The Authority's ability to obtain workers' compensation insurance from a source other than the State Insurance Fund falls into an exception contemplated by 85 O.S. 2b (1998). Additionally, by giving the specific statute precedence over the general, and by examining the plain language of the statute, the phrase "[p]rovided, however, the Authority . . . shall be subject to the workers' compensation laws of the State of Oklahoma the same as a private employer" is given meaning, and conforms with the general rule that the Legislature is not presumed to have done a vain act, Curtis v. Board of Educ. of Sayre Public Schools,914 P.2d 656, 659 (Okla. 1995), and that the phrase was intended to have some useful purpose. See Id.
¶ 8 We are not unmindful of A.G. Opin. 77-110, but feel the opinion and statutory changes which may have been enacted in response to that opinion do not apply here. In 77-110, the question was asked whether the a statute governing the Oklahoma Turnpike Authority, which had a similar reference to a private employer as the one at issue here, required that entity to purchase workers' compensation from the State Insurance Fund. The opinion avoided the specific question answered here by holding that the Turnpike Authority was not a "department" of the State and therefore did not fall under the earlier version of 85 O.S.2b (1998), which at the time required only "the state and all departments thereof" to obtain workers' compensation insurance through the State Insurance Fund. Nor are we persuaded by the fact the Legislature amended the statute that same year, adding the word "instrumentalities" which would arguably include the Turnpike Authority in the list of entities covered by the statute. Whether the Legislature intended the 1977 statutory amendment to require the Turnpike Authority to insure through the State Insurance Fund is inconsequential in light of more recent amendments, which added the "unless-specifically-authorized-by-law" language, see Okla. Sess. Laws, c. 271, 2; and the "except-as-otherwise-provided" language, see 1996 Okla. Sess. Laws, c. 3, 24. These changes in the language clearly contemplate exceptions to the general rule.
¶ 9 It is, therefore, the official Opinion of the AttorneyGeneral that:
 Under the provisions of 74 O.S. 7052 (1998), the MedicalTechnology and Research Authority may purchase workers'compensation insurance in the same manner as a private employer.Therefore, although the Authority has the option to purchase fromthe State Insurance Fund, it is not required to so do.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
DAN CONNALLY ASSISTANT ATTORNEY GENERAL