Dear Representative Bonny,
¶ 0 This office has received your letter asking for an official Opinion in which you ask in effect:
If a transaction between a public trust and some other entity isnot the type of transaction which is defined by 60 O.S.178.8(A) (1998) to be a conflict of interest, is there any dutyto make a record of the transaction pursuant to this statute orto file any type of document with the Secretary of State or anyother entity?
¶ 1 Your question asks specifically whether, pursuant to 60O.S. 178.8(A) (1998), a duty is owed by public trustees and public trusts to prepare and file an Oklahoma Tax Commission form with the Secretary of State, as set out in the above statute, if it should be determined that no conflict of interest or exempted transaction exists.
¶ 2 In order to answer your question we must first review the language of 60 O.S. 178.8(A) and 60 O.S. 178.8(B) (1998). The sections read as follows:
 A. Except with regard to residents of a facility for aged persons operated by a public trust, who are trustees of the public trust operating the facility and who comprise less than a majority of the trustees, a conflict of interest shall be deemed to exist in any contractual relationship in which a trustee of a public trust, or any for-profit firm or corporation in which such trustee or any member of his or her immediate family is an officer, partner, principal stockholder, shall directly or indirectly buy or sell goods or services to, or otherwise contract with such trust. Upon a showing thereof, such trustee shall be subject to removal and such contract shall be deemed unenforceable as against such trust unless the records of such trust shall reflect that such trustee fully and publicly disclosed all such interest or interests, and unless such contractual relationship shall have been secured by competitive bidding following a public invitation to bid.
 The following types of transactions are exempt from the aforementioned provisions of this section:
 1. The making of any loan or advance of any funds to, or the purchase of any obligations issued by such public trust, in connection with the performance of any of its authorized purposes;
 2. Any legal advertising required by law or indenture or determined necessary by the trustees of such public trust;
 3. The performance by any bank, trust company or similar entity or any services as a depository; or
 4. The sale of any public utility services to such public trust, in which the price of said services is regulated by law.
 It shall be the duty of each public trust to compile a list of all conflicts of interest for which its trustees have made disclosure. It shall also be the duty of each trust to compile a list of all dealings between its trustees and the trust which involve the exempted transactions listed above. Such lists shall be compiled semiannually for periods ending June 30 and December 31 of each year. Such lists shall be compiled on forms prescribed by the Oklahoma Tax Commission and shall be matters of public record. Copies of such lists shall be filed with the Secretary of State by September 1 and March 1 of each year.
 B. The provisions of this section shall be inapplicable to any public trust created and existing prior to July 1, 1988[.]
60 O.S. 178.8(A)1-4 (1998), (B) (emphasis added).
¶ 3 As set out in section B of the statute, a reporting duty is placed on public trusts created after July 1, 1988. See 60O.S. 178.8(B) (1998). If a public trustee knows of a conflict of interest, an implied duty is owed to fully and publicly disclose the conflict; or, if the public trustee knows of any transaction that is exempt, as set out in the statute, animplied duty is owed to report to the public. See 60 O.S.178.8(A) (1998) 1-4. However, the statute is silent as to whether the public trust has a duty to fill out the form provided by the Oklahoma Tax Commission and file it with the Secretary of State if no conflict of interest exists during a reporting period. 60 O.S. 178.8(A) 1-4 (1998).
¶ 4 When construing a statute, the cardinal rule is to ascertain the intent of the Legislature by considering the language of the statute as a whole in light of its general purpose. See Sullivant v. Oklahoma City, 940 P.2d 220, 224
(Okla. 1997). And, we must give a rational construction to the statute if the language fairly permits. See Ledbetter v.Oklahoma Alcoholic Beverage Laws Enforcement Comm'n.,764 P.2d 172, 179 (Okla. 1988).
¶ 5 The plain language of section A of the statute places a duty on each public trust to compile a list of conflicts or exempted transactions. Such disclosure shall be reflected in the records of the trust on a semiannual basis. See 60 O.S.178.8(A) (1998). The public trust shall then prepare a report on a statutory form, provided by the Oklahoma Tax Commission, and the form is subsequently filed with the Secretary of State as a public record. See 60 O.S. 178.8(A) (1998).
¶ 6 Our research of the promulgated rules of the Oklahoma Tax Commission reveals that the Commission has not adopted and promulgated a rule regarding the form or a rule regarding a requirement to file the form with the Secretary of State. See
Oklahoma Tax Commission, Public Records and Rule Making, OAC710:1, App 1, et seq. Therefore, the clear duty placed on the public trust, and the implied duty placed on the public trustee, is found only in the statute.
¶ 7 If no conflict of interest or exempted transaction exists for the trustee to report to the public trust, there is consequently no duty imposed on the public trust to prepare the Oklahoma Tax Commission form and file it with the Secretary of State. See 60 O.S. 178.8(A) (1998). We can reach this conclusion by considering the language of the statute as a whole in light of the general purpose and object of the statute. SeeOklahoma Journal Publ'g. Co. v. Oklahoma City, 620 P.2d 452, 454
(Okla.Ct.App. 1979). The general purpose and object of the statute is clearly public disclosure of conflicts of interest, or exempt transactions, if any exist, for public trustees and public trusts. See 60 O.S. 178.8(A) (1998). We conclude that the statute does not impose a further duty on the public trustee to report to the public trust if no conflict of interest or exempted transaction exists during any reporting period.
¶ 8 It is, therefore, the official Opinion of the AttorneyGeneral that:
Pursuant to 60 O.S. 178.8(A) (1998) and (B), for all publictrusts created after July 1, 1988, a duty is imposed on publictrusts to fully and publicly disclose any conflicts of interest,or exempt transactions as set out in statute. See 60 O.S.178.8(A) (1998). The public trust shall compile a list andreport any trustee conflict of interest or exempted transactionon a form proscribed by the Oklahoma Tax Commission. The formshall be filed with the Secretary of State by September 1 andMarch 1 of each year and shall be a matter of public record. See60 O.S. 178.8(A) (1998). The public trust has no duty imposedto prepare and file the Oklahoma Tax Commission form, or anyother report, with the Secretary of State if no conflict ofinterest or exempt transaction has occurred during a reportingperiod under 60 O.S. 178.8(A) (1998).
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
JOHN M. McCORMICK ASSISTANT ATTORNEY GENERAL