Dear Representative Banz:
This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 Pursuant to the Nontestamentary Transfer of Property Act, 58 O.S.Supp. 2008, §§ 1251[58-1251] — 1258, do interests in minerals constitute interests in real estate?
 Nontestamentary Transfer of Property Act
The Nontestamentary Transfer of Property Act ("Act"), set forth in 58 O.S.Supp. 2008, §§ 1251[58-1251] — 1258, allows a record owner of an interest in real estate to designate who will receive a transfer of the interest in the future, effective upon the owner's death. The transfer is accomplished by recording a transfer-on death deed. The following provisions of the Act describe the requirements of the on-death transfer:
 A. An interest in real estate may be titled in transfer-on-death form by recording a deed, signed by the record owner of the interest, designating a grantee beneficiary or beneficiaries of the interest. The deed shall transfer ownership of the interest upon the death of the owner. A transfer-on-death deed need not be supported by consideration.
58 O.S.Supp. 2008, § 1252[58-1252] (emphasis added).
Section 1253 provides that:
 An interest in real estate is titled in transfer-on-death form by executing, acknowledging and recording in the office of the county clerk in the county where the real estate is located, prior to the death of the owner. . . .
Id. § 1253 (emphasis added). *Page 2 
"The fundamental rule of statutory construction is to ascertain and, if possible, give effect to the intention and purpose of the Legislature as expressed in the statute." Jackson v. Indep. Sch. Dist. No. 16,648 P.2d 26, 29 (Okla. 1982). Furthermore, "statutory construction that would lead to an absurdity must be avoided and a rational construction should be given to a statute if the language fairly permits."Ledbetter v. Okla. Alcoholic Beverage Laws Enforcement Comm'n,764 P.2d 172, 179 (Okla. 1988). With an effective date of November 1, 2008, the Act is relatively new, so there is virtually no case law or other opinion for guidance. See 2008 Okla. Sess. Laws ch. 78. Therefore, we must look to the language of the Act and any related statutes to help determine its coverage.
The operative words used in designating what is covered by the Act are not defined and only include "an interest in real estate." The fact that the Act uses the term "an interest in," rather than just stating real estate, land or real property indicates the Legislature wanted the Act to cover more than the land itself.
Central to your question is what constitutes an interest in real estate. As previously mentioned, no special or technical definition of "interest in real estate" is offered under the Act. However, under the general provisions pertaining to conveyances of real property in Title 16 of the Oklahoma Statutes, specifically Section 14 thereof, the words real estate, land and premises are synonyms and mean the same thing with respect to any instrument relating to real property. Therefore, an "interest in real estate" means a right, title, interest or legal share in land, including any buildings or improvements located thereon.Id.
The next issue to address in connection with your question is whether an interest in minerals constitutes an interest in real estate, thereby allowing such an interest to be transferred on death under the provisions of the Act. The answer is found in the Simplification of Land Titles Act, 16 O.S. 2001, §§ 61[16-61] — 68. The Simplification of Land Titles Act is part of Title 16 of the Oklahoma statutes which deal with numerous types of conveyances involving real estate. Title 16 covers the mechanics of transferring interests in real property, including what is required to evidence title of the interest and give third parties notice of such conveyances.
Subsection (a) of Section 61 of the Simplification of Land Titles Act defines some of the interests that are considered an interest in real estate and provides as follows:
 (a) An interest in real estate shall include, but not be limited to mortgage liens, interests of purchasers under contract of sale, leases, easements, oil and gas leases, and mineral and royalty interests.
Id. (emphasis added).
For the purposes of this Opinion, the foregoing definition of an interest in real estate contained in the Simplification of Land Titles Act has direct application to what constitutes an interest in real estate *Page 3 
under the Act, by the authority set forth in Section 2 of Title 25 of the Oklahoma Statutes, which provides as follows:
Whenever the meaning of a word or phrase is defined in any statute, such definition is applicable to the same word or phrase wherever it occurs, except where a contrary intention plainly appears.
Id.
The Act sets forth requirements for a nontestamentary transfer of an interest in real estate similar to those found in 16 O.S. 2001, §§ 4[16-4] (A), 16, for a transfer of any interest in real estate, in that the conveyance must be in writing pursuant to an instrument or deed executed by the owner of the interest, be acknowledged before a notary and recorded in the office of the county clerk where the property is located.See 58 O.S.Supp. 2008, §§ 1252[58-1252], 1253. The similarity between the execution and recording requirements of Title16 for conveyances of real estate and the requirements under the Act for a nontestamentary transfer supports the rationale that the Legislature intended conveyances of "interests in real estate" under the Act to be those instruments that comply with the requirements of Title 16. Had the Legislature intended to exclude mineral interests from the Act, it could have easily done so. Therefore, mineral interests qualify as an interest in real estate transferable under the Act.
It is, therefore, the official Opinion of the Attorney Generalthat:
 Interests in minerals as referenced in subsection (a) of Section 61 of the Simplification of Land Titles Act, 16 O.S. 2001, §§ 61[16-61] — 68, constitute an interest in real estate transferable pursuant to the Nontestamentary Transfer of Property Act, 58 O.S.Supp. 2008, §§ 1251[58-1251] — 1258.
W.A. DREW EDMONDSON Attorney General of Oklahoma
JAMES V. BARWICK Assistant Attorney General