Avery, J.
Was the appointment of Jacobs, the defendant, to the office of treasurer, valid ?
Two commissioners, under the law, constitute a quorum for the transaction of business; and they have authority, by statute, to fill a vacancy in the office of treasurer. Haller was, without dispute, a commissioner; Zanglein claimed to be a legal commissioner, and on-the 29th of February, 1848, probably was so. But conceding that he was not, then can a commissioner de facto, merely, make a valid appointment of treasurer ? And if he can, was Zanglein such a commissioner? Judges de facto, of the Court of Common Pleas, though they be not judges de jure, can make a valid appointment of a clerk of the Court. State v. Alling, 12 Ohio Rep. 16. That decision *152 was made, we believe, in accordance with the authorities; and ^'ne doctrine will apply to a commissioner of the county, as well a judge of the Court. A denial of it, in either case, would be productive of great mischief in the community, creating derangement in business, and involving innocent men, who have dealt with officers upon the faith of a public appointment, in difficulty and losses. We say, then, that a commissioner de facto can make a valid appointment of treasurer; and if Zanglein, on the 28th day of February, was a commissioner de facto, the defendant, at the institution of these proceedings, legally held the office of treasurer, and could not be ousted.
Was Zanglein a commissioner de facto ?
It will be seen from the statement of facts, that Zanglein and Walker, who were legally the commissioners of Allen county, when the new county of Auglaize was erected, claimed still to be the commissioners of Allen county, and continued to act as such commissioners, until after the appointment of the defendant ; and. that the, two persons named as commissioners by the associate judges, were never recognized by the other commissioner, or the auditor of Allen county, and never acted as commissioners, except in making the appointment of the relator.
They, with Haller, the other commissioner, had the control of the books and papers; and the auditor acting under the law, as clerk of the commissioners, recorded all their proceedings and orders, as the acts of the lawful commissioners. This would seem to be a strong case of an officer de facto. Such an officer is described by Lord Ellenborough in the case of the King v. The Corporation of Bedford Level as “ one who has the reputation of being the officer he assumes to be, and yet is not a good officer in point of law.” In the case before referred to, in 12 Ohio Rep., the Court say that the Court held that Choate and Somers, who appointed the clerk “were not Judges of Huron county,” and those Judges were held to have lost their offices before the expiration of the term for which they were elected, because by a change of the county line their place .of residence, was not within the new limits established, *153 for the county, yet the circumstances connected with their claim to retain the office, made their acts valid, until the decisión against them. And in the case before us, Zanglein, commisioner, would find in the act which it is claimed put an end to his office immediately, good reasons for doubting or denying that such was the effect of the law. The tenth section of the “act to erect the county of Auglaize, (Ohio Laws, Vol. 46 page 130,) direct? “ that the county commissioners of each of the counties effected by the passage of the act, shall here proceed, immediately upon the passage thereof, to attach townships and parts of townships, &c., and to organize said parts of townships, &c., that they may deem expedient.”
By other sections, suits within the limits of Auglaize, if pending before the first of March, shall not be tried in Auglaize, but after the first day of March “suits and other legal process &c., shall be styled of Auglaize county,” and collectors for the counties respectively shall collect taxes till the first Monday of March. The Court have no difficulty in deciding that Zanglein was an officer de facto, and that his acts cannot be impeached collaterally.
The question is raised in the argument on the part of the relator, whether the defendant is entitled to hold for the term commencing on the first day of June, 1848. That case is pot before us under the information, and cannot therefore be decided.
But further, there is an objection to the proceeding in this case, even as to the appointment of February the 28th, because the term of office has at this time expired. In England it seems not to be considered necessary, that the person should continue to hold the office at the time of applying for the information. In New York, however, and Massachusetts, the information has been refused, when the time must expire before the inquiry would have any effect, leaving the- parties to their common remedies. Angel & Ames on Corporations, 436-7.
Such it is understood has been the course of decisions, in this State, and this Court, as far as known, never entertains the suit where the term of office has expired, and no judgment of ouster can be pronounced.

Judgment against the Relator.