HUGHES DRILLING COMPANY and U.S.F. & G. Company, Appellants,

v.

Ronald Lee MORGAN and Workers' Compensation Court, Appellees.

No. 56702.

Supreme Court of Oklahoma.

June 22, 1982.

As Corrected June 24, 1982.

---

Carl E. Moslander, Oklahoma City, for appellants.

Fred L. Boettcher, Ponca City, for appellees.

LAVENDER, Justice.

This is an appeal brought by the insurance carrier in a workers' compensation case. The trial court awarded claimant compensation for permanent partial disability resulting from a work-related injury. The court *en banc* modified the order of the trial court in part by deleting paragraph 7 of the order which states: "That Trial Court declines to appoint an independent physician. Respondent's medical evidence, taken as a whole is incompetent in that it does not rate separately all the areas injured"; and substituting therefore: "That respondent's motion for independent examination of the claimant is overruled." In all other respects, the order of the trial court was affirmed by the court *en banc.*

Claimant's injuries were evaluated by two examining doctors.

Dr. G. evaluated claimant's injuries as follows: Lumbar back injury, 25% whole man impairment; left hip injury, 14% whole man impairment; disability to left knee, 55% to the left leg; and disability to right foot, 20%, being 20% disability to the right foot.

Dr. M. found no disability due to injury to claimant's back, left hip or right foot, but found 30% permanent impairment of the whole left leg.

By reason of the disparity in the two doctors' findings, respondent filed a written motion for the selection of a third examining physician pursuant to 85 O.S.Supp. 1977, § 17[1] and Rule 22 of the Workers'

1.  85 O.S.Supp.1977, § 17 in pertinent part provides:

    "A. The determination of disability shall be the responsibility of the Court. * * *
    "When the medical testimony to be introduced on behalf of the employee and employer is divergent by more than thirty percent (30%) as to the extent of permanent impairment of the employee ..., any party may challenge such testimony by giving written notice to all other parties and to the Administrator. Upon receipt of such notice, the challenging party and the party challenged shall select a third physician who shall be afforded a reasonable opportunity to examine the employee together with all medical records involved and any other medical data or evidence that he may consider to be relevant. The third physician shall issue a verified written report, ... stating his finding of the percentage of permanent impairment of

Compensation Court rules.[2]

The sole issue presented for review on appeal is whether the trial court committed reversible error in its refusal to appoint a third examining physician as authorized and directed by 85 O.S.Supp.1977, § 17 and Rule 22 of the Workers' Compensation rules.

It is apparent that Rule 22 does not purport to confer a new right to the appointment of a third examining physician independent from that conferred by 85 O.S. Supp.1977, § 17 and that the procedures prescribed therein are intended to be supplemental to those set forth in § 17. It is further apparent that when the procedural and substantive conditions have been met and complied with, then, and only then, it becomes the *mandatory* duty of the trial court to appoint a third examining physician. The statutory clause in paragraph B of § 17 that "the Court *shall* appoint the third physician" leaves no doubt as to its meaning. In the construction of statutes, "shall" is usually given its common meaning of "must." It is interpreted as implying a command or mandate.[3]

■ Appellant insurance carrier contends that in determining the legislative intent in interpreting the meaning of: "When the medical testimony to be introduced on behalf of the employee and employer is *divergent by more than thirty percent . . . ,*" as set forth in § 17A where multiple injuries occur to various parts of the body, the combined and cummulative disability may be considered in determining whether the divergence is more than 30%. Appellee claimant urges that only the evaluation of the disability to the separate areas of trauma may be considered. It appears to us that it is the disparity of more than 30% between the comparison of like parts of the body or between the evaluation of disability to the body as a whole that is to be considered in determining whether the divergence exceeds 30% within the clear legislative intent of the statute. Therefore, since in the case before us, the divergence between the doctors' opinions as to the extent

the employee and whether or not the impairment is job-related and caused by the accidental injury or occupational disease.

"B. When the challenging party and the challenged party are for any reason unable or unwilling to agree upon the appointment of a third physician within ten (10) days, the Court shall appoint the third physician..... Upon receipt of the report provided for in this subsection, the party shall have the right to object to the introduction into evidence of the report. The objection must be made by giving written notification to all parties and to the Court within five (5) days after receipt of the report. The physicians must then testify in person or by deposition.
* * *."

2. Rule 22 provides: "In the event that either the claimant or the respondent shall request the appointment of a third physician, as provided in Title 85 O.S.Supp.1977, § 17, for the purpose of rendering an additional evaluation of the claimant's temporary total disability, permanent disability, permanent impairment or an opinion as to the cause of claimant's injury, the trial judge shall allow the parties ten (10) calendar days from the date of the request to notify the judge as to whether or not the parties themselves are able to agree to the selection of such a physician. Unless the parties inform the court at the time of hearing that such an effort will be useless, the court shall delay further action on the matter until it has re-

ceived notification. Such notification of the results of this effort by the parties to agree upon a mutually acceptable third physician shall be in the form of a letter directed to the attention of the trial judge and may be made by either party provided all other parties are similarly informed.

"Regardless of whether the parties agree upon the selection of the third physician or whether the ultimate selection is made by the court, all arrangements for the examination of the claimant shall be made by the court and an order to such effect shall be issued indicating the name of the physician and the time and place of the examination. The order shall further contain any instructions as to what medical records or other medical data or evidence, if any, the parties shall be allowed to provide the examining physician. No other medical evidence shall be supplied by any party to the physician without the written permission of the court.

"Any objection by any party to the trial judge's appointment of a particular physician shall be made in writing within five (5) days of the receipt of the order making the appointment or such objection shall be deemed to have been waived."

3. *Sneed v. Sneed*, Okl., 585 P.2d 1363 (1364) (1978).

of disability to the body as a whole exceeded 30%, the first requirement of § 17 was here present.

■ There is no room for construction or provision for further inquiry when the Legislature plainly expresses its intent.[4]

The prescribed conditions which must be met under § 17 and Rule 22 as a prerequisite to the right to the appointment by the court of a third examining physician are as follows:

1.  The medical testimony of the examining physicians must be divergent by more than 30% as to like parts of the body or as to the body as a whole.

2.  The challenging party must give written notice to all other parties and to the Administrator of his challenge to the medical testimony.

3.  Upon receipt of the notice both the challenging and the challenged party must select a third physician.

4.  The trial judge shall allow the parties 10 days from the date of the challenge in which to notify the judge as to whether the parties are able to agree on the selection of the third physician by notice in the form of a letter which may be written by either party.

5.  Within ten days following the letter notice, the court shall appoint a third physician.

6.  Within five days following the receipt of the court order appointing the third physician, either party may file an objection in writing, or such objection shall be deemed to have been waived.

7.  Upon receipt of the third physician's report, either party has the right to object to the introduction into evidence of the report. Such objection must be by written notification to all the parties and to the court within 5 days following the receipt of the report.

We will next consider whether the appellant insurance carrier has met the conditions thus imposed as a prerequisite to its right to require the trial court to appoint a third examining physician.

■ Where, as here, a statutory right is created which did not exist at the common law and the same statute fixes the conditions upon which the right may be asserted, the conditions are an integral part of the right thus granted—are substantive conditions, the observance of which is essential to the assertion of the right.[5]

■ Appellant attempted to invoke § 17 and Rule 22 by the filing in the court below of a motion for the appointment of a third examining physician. Having failed to follow the procedures which are a prerequisite to its assertion of a right to compel the trial judge to appoint a third examining physician, the appellant has no justiciable status to complain of the trial court's failure to grant it statutory relief under a legislative enactment which fixes the prerequisite conditions to the assertion of that claimed right, which conditions appellant failed to meet.

It is a well settled rule that when a party seeks the benefit of a statute he must by averment and proof bring himself within its provisions.[6]

We express no opinion herein as to whether a complete and literal step-by-step fulfillment of all of the conditions set forth in § 17 and in Rule 22 is a prerequisite to securing the appointment of a third examining physician, as such issue is not presented here. In the case before us, appellant complied with none of the conditions, and we hold that mere filing of a motion to secure the appointment of the third physician does not alone establish justiciable status to invoke the benefits afforded by the statute which as an integral part thereof

4.  *B. F. Goodrich v. Hilton*, Okl., 634 P.2d 1308 (1981).

5.  *United States ex rel. Texas P. Cement Co. v. McCord*, 233 U.S. 157, 34 S.Ct. 550, 58 L.Ed. 893 (1914); *Price v. Price*, 202 Miss. 268, 32

So.2d 124 (1947); *State v. Reeves*, 229 Ind. 164, 96 N.E.2d 268 (1951); *County Bd. of Supervisors v. Breese*, 171 Neb. 37, 105 N.W.2d 478.

6.  *State v. Reeves, supra*, 96 N.E.2d 270–271.

sets forth the conditions which must be met in order to qualify for its benefits.

Sustained.

IRWIN, C. J., BARNES, V. C. J., and SIMMS, HARGRAVE and WILSON, JJ., concur.

OPALA, J., concurs in part and dissents in part.