Dear Mr. Johnson,
The Attorney General has received your request for an official opinion asking, in effect:
 Under the provisions of 21 O.S. 846 (1981), as amended, to whom should physicians and other health professionals report injuries to children under eighteen (18) years of age when the injuries appear to have been inflicted by other than accidental means or where the injuries appear to have been caused by physical abuse or neglect? To whom should a physician or other health professional report injuries to children under eighteen (18) years of age, under the provisions of 21 O.S. 846.1 (1985), when the injuries appear to have been caused by criminally injurious conduct as defined by 21 O.S. 142.3(5) (1981)?
Initially, it is necessary to recognize that 21 O.S. 846 (1981), was amended by the 1985 Oklahoma Legislature, to include teachers among those obligated to report injuries to children under the age of eighteen (18) years when the injuries appear to have been inflicted by other than accidental means or where the injuries appear to be the result of physical abuse or neglect. See, H.B. 1022, Oklahoma Session Law Service 1985, Chapter 66, pages 231-232, to be codified as 21 O.S. 846 (1985). The amended statute, which took effect November 1, 1985, reads in part:
 "A. Every physician or surgeon, including doctors of medicine and dentistry, licensed osteopathic physicians, residents and interns, examining, attending or treating a child under the age of eighteen (18) years and every registered nurse examining, attending or treating such a child in the absence of a physician or surgeon, every teacher of any child under the age of eighteen (18) years, and every other person having reason to believe that a child under the age of eighteen (18) years has had physical injury or injuries inflicted upon him or her by other than accidental means where the injury appears to have been caused as a result of physical abuse or neglect, shall report the matter promptly to the county office of the Department of Human Services in the county wherein the suspected injury occurred. Provided it shall be a misdemeanor for any person to knowingly and willfully fail to promptly report any incident as provided above. If the report is not made in writing in the first instance, it shall be reduced to writing by the maker thereof as soon as may be after it is initially made by telephone or otherwise and shall contain the names and addresses of the child and his or her parents or other persons responsible for his or her care, the child's age, the nature and extent of the child's injuries, including any evidence of previous injuries, and any other information that the maker of the report believes might be helpful in establishing the cause of the injuries and the identity of the person or persons responsible therefor if such information or any part thereof is known to the person making the report."
The statute clearly requires physicians, teachers, other health professionals, or any other person having reason to believe that a child has had physical injuries inflicted upon him or her by other than accidental means where the injury appears to be the result of abuse or neglect, to report injuries. In that event the report of the physician, or other obligated individual, is to be made to the county office of the Department of Human Services in the county where the injury appears to have occurred. Failure to make a report, as required, is declared to be a misdemeanor offense. Note, however, that there is no duty to report any injury to an individual eighteen (18) years of age or older.
Title 21 O.S. 846.1 (1985) reads:
 "Any physician, surgeon, osteopathic physician, resident, intern, physician's assistant, or registered nurse, examining, attending, or treating the victim of what appears to be criminally injurious conduct as defined by Section 142.3[21-142.3] of Title 21 of the Oklahoma Statutes shall report orally or by telephone the matter promptly to the nearest appropriate law enforcement agency in the county wherein the criminally injurious conduct occurred."
This statute makes no distinctions with regard to the age of the injured person and the physician's, or other health professional's report, is to be made to the nearest appropriate law enforcement agency. The term "criminally injurious conduct" as used in 21 O.S. 846.1 (1985), is defined by 21 O.S. 142.3(5) (1981) as:
 "an act which occurs or is attempted in this state that results in personal injury or death to a victim which is punishable by fine, imprisonment or death. Such term shall not include acts arising out of the negligent maintenance or use of a motor vehicle."
The fundamental rule of statutory construction is to ascertain, and if possible, give effect to the intention and purpose of the Legislature as expressed in the statute. Jackson v. Independent School Dist. No. 16 ofPayne County, 648 P.2d 26,29 (Okla. 1982). However, there is no room for construction or provision for further inquiry when the Legislature plainly expresses its intent. Hughes Drilling Co. v. Morgan, 648 P.2d 32
(Okla. 1982).
When comparing H.B. 1022, codified as 21 O.S. 846 (1985), with 21 O.S.846.1 (1985), it becomes clear that, with regard to children under eighteen (18) years of age, physicians, and other health professionals may find themselves under dual reporting obligations, i.e., the county Department of Human Services under section 846, and the nearest appropriate law enforcement agency under section 21 O.S. 846.1. This dual reporting obligation does not create any conflict between the two statutes.
It is, therefore, the official opinion of the Attorney General thatpursuant to H.B. 1022, Oklahoma Session Law Service 1985, Chapter 66,pages 231-232, to be codified as 21 O.S. 846 (1985), physicians and otherhealth professionals must report injuries to children under the age ofeighteen (18) years to the county office of the Department of HumanServices in the county where the injury occurred, when the injury, ifinflicted by other than accidental means, appears to have been caused byphysical abuse or neglect. Additionally, pursuant to 21 O.S. 846.1(1985), if the injury appears to have been the product of "criminallyinjurious conduct" as defined by 21 O.S. 142.3(5) (1981), the physician,or other health professional, must also report the matter to the nearestappropriate law enforcement agency. If a physician or other healthprofessional is uncertain whether an injury to a child under eighteen (18)years has been inflicted by other than accidental means or by physicalabuse or neglect, and is also the product of criminally injuriousconduct, the prudent action would be to report the matter to both theDepartment of Human Services and the nearest appropriate law enforcementagency.
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
JOHN O. WALTON, ASSISTANT ATTORNEY GENERAL