Dear Mr. Lewis,
The Attorney General has received your request for an official opinion asking, in effect:
 1. Do the provisions of the Incentive Awards for State Employees Act, 74 O.S. 4111 et seq. (1984), apply to the Department of Wildlife Conservation?
 2. When pay incentives under the Incentive Awards for State Employees Act are awarded, is the Department employing the individual receiving the award responsible for funding such pay?
 I.
In 1984, the Oklahoma Legislature enacted the provisions of the Oklahoma Incentive Awards for State Employees Act, 74 O.S. 4111 et seq. (1984). The Act is designed to promote increased productivity, cost curtailment, as well as improved safety, efficiency, and morale. 74 O.S.4116 (1984). These goals are achieved by means of an incentive awards program, under which an individual employee can be awarded incentive awards and incentive compensation. Additionally, employing units, such as agencies, departments, commissions or offices, may be awarded unit incentive pay. 74 O.S. 4115 through 74 O.S. 4118 (1984).
 II.
You first ask whether the Department of Wildlife Conservation is eligible to participate in the incentive awards programs established in the Act. In examining statutes to determine their meaning, there is no need for further inquiry when the intent of the Legislature is plainly expressed. Hughes Drilling Co. v. Morgan, 648 P.2d 32 (Okla. 1982). The plain language of the Act in question shows that with the exception of specified offices and agencies, such as the Legislature and the Office of the Governor, the Act authorizes any agency, department, commission or office of the State to participate in the incentive awards program, 74O.S. 4114 of the act providing:
 "With the exception of agencies and offices within the Legislature, the Office of the Governor, the Office of the Lieutenant Governor, and the Office of the State Auditor and Inspector, any agency, department, commission, or office of state government may participate in the incentive awards program[.]" (Emphasis added).
Accordingly, the Department of Wildlife Conservation is authorized to participate in the incentive awards program established in the Act.
 III.
In your second question, you ask whether funding for incentive awards and incentive compensation is to be provided by the employing agency. Again, the plain language of the statute dictates the answer. The Act specifically provides for funding by the employing agency, commission, department, or office. The cost for providing certificates and lapel pins to be awarded to those receiving incentive awards is to be provided by the employing agency, 74 O.S. 4116(A) (1984) providing, in pertinent part, that upon proper findings:
 "[T]he Committee shall approve the nomination of said employee and appropriately award said employee with a certificate and lapel pin designed and provided by the Committee. The cost of said certificate and lapel pin shall be reimbursed to the Committee by the agency, board, commission, or office that made the nomination." (Emphasis added).
Likewise, individual incentive compensation is to be paid by the nominating agency, the provisions of 74 O.S. 4117 (1984) providing, in pertinent part, that:
 "Said incentive compensation shall be paid in one lump sum from the then-current personal services budget of the nominating agency, department, commission, or office. No nominations for an individual incentive compensation award shall be made until the nominating agency, department, commission, or office assures that funds for said award are available."
Finally, the Act provides that unit incentive pay is to be paid by the nominating agency, the Act providing that, "[f]unds for this incentive pay shall be drawn from the operating expenses of the agency, department, commission, or office for the eligible fiscal year." 74 O.S. 4119
(1984).
It is, therefore, the official opinion of the Attorney Generalthat:
 1. The Department of Wildlife Conservation is eligible to participate in the incentive awards program provided for in the Incentive Awards for State Employees Act, 74 O.S. 4111 et seq. (1984).
 2. Funds for certificates, lapel pins, and both individual compensation and unit incentive compensation, provided for in the incentive Awards for State Employees Act, 74 O.S. 4111 (1984), are to be provided by the agencies, departments, commissions, or offices who nominate their employees for such awards.
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
NEAL LEADER, ASSISTANT ATTORNEY GENERAL CHIEF, CIVIL DIVISION