Dear Executive Coordinator Ritter,
¶ 0 The Attorney General has received your letter asking for an official opinion addressing, in effect, the following question:
Does the Oklahoma Crime Victims Compensation Board have theresponsibility to approve expenditures for administrativeexpenses provided by the District Attorneys Council?
¶ 1 In 1981, the Legislature created the Oklahoma Crime Victims Compensation Board (Board) for the purpose of awarding compensation to victims of violent crime in Oklahoma. 21 O.S.142.1 (1981) et seq. The Board is charged with the duty to award compensation for economic loss arising from criminally injurious conduct. 21 O.S. 142.5(A) (1981).
¶ 2 The Oklahoma Crime Victims Compensation Act (Act) requires the District Attorneys Council (DAC), formerly known as the District Attorneys Training Coordination Council, to provide office space, support, staff and secretarial services to the Board. 21 O.S. 142.5(D) (1981).
¶ 3 The only reference in the Act relevant to the responsibility for the budget and expenditures from the Oklahoma Crime Victims Compensation Revolving Fund (Fund), is found at 21O.S. 142.17 (1981). Prior to the 1989 legislative session, 21O.S. 142.17 provided as follows:
 There is hereby created in the State Treasury a revolving fund for the Crime Victims Compensation Board to be designated the "Crime Victims Compensation Revolving Fund." The Fund shall be a continuing fund, not subject to fiscal year limitations, and shall consist of all monies received by the Crime Victims Compensation Board from any source excluding appropriated funds. All monies accruing to the credit of said Fund are hereby appropriated and may be budgeted and expended by the Board for the purpose of implementing the provisions of the Oklahoma Crime Victims Compensation Act.
(Emphasis added).
¶ 4 Typically, the Legislature has authorized the DAC to expend up to a certain fixed amount from the Fund for the administrative expenses of the Board. For example, in 1988, Senate Bill 381, 2 provided as follows:
 The District Attorneys Council is authorized to expend an amount not to exceed One Hundred Thirty-five Thousand Two Hundred Twenty-two Dollars ($135,222.00), or so much thereof as may be necessary from the Crime Victims Compensation Revolving Fund, to provide such office space, operation and maintenance, support staff, and secretarial services as required by the Crime Victims Compensation Board
for the fiscal year ending June 30, 1989.
1988 Okla. Sess. Laws, c. 254, p. 1155. (Emphasis added).
¶ 5 The emphasized language from 21 O.S. 142.17 of the Act and the appropriations bill make it clear that the legislative intent was for the Board to budget and expend all monies accruing to the credit of the Fund, including administrative expenses. Generally when the intent of the Legislature is clearly expressed, no further construction is required. Hughes DrillingCo. v. Morgan, 648 P.2d 32 (Okla. 1982).
¶ 6 However, because of the recent amendments to the Act and the change in appropriations, further discussion is necessary to answer your question.
¶ 7 The Legislature followed its previous pattern in 1989 House Bill 1059 and authorized the DAC to expend from the Fund up to $135,222.00 for administrative costs and up to $35,000.00 for administration of federal grant programs (1989 Okla. Sess. Laws, c. 46, p. 89). Before the end of the 1989 session, the Legislature passed House Bill 1637, 32(2) and 33(3) of which amended House Bill 1059, and revoked the DAC's authorization to expend any amount from the Fund for administrative costs and federal programs. Instead, in House Bill 1637, 1989 Okla. Sess. Laws, c. 369, 31(1), the Legislature appropriated $717,399.00 to the DAC for the performance of all duties imposed by law upon the DAC. The duty imposed upon the DAC for the benefit of the Board is to provide support, staff, secretarial services and office space. 21 O.S. 142.5(D) (1981).
¶ 8 At the close of the 1989 session, the Legislature amended21 O.S. 142.17 of the Crime Victims Compensation Act. The amended section now provides:
 All monies accruing to the credit of said Fund are hereby appropriated and, except for those monies specifically authorized by the Legislature to be expended by the District Attorneys Council for administration of the Crime Victims Compensation Board or operating expenses for administering federal grant programs, may be budgeted and expended by the Board for the purpose of implementing the provisions of the Oklahoma Crime Victims Compensation Act including the provisions set forth in 21 O.S. 142.20 of this title.
1989 Okla. Sess. Laws, c. 348, 11, p. 1325, effective Nov. 1, 1989.
¶ 9 The Amendment leaves intact the Board's responsibility for budgeting and expending monies accruing to the credit of the Fund. The important change in the Act is found in the exception clause emphasized in the above-cited language. This exception takes the responsibility of budgeting the monies allocated for administrative costs and federal grant programs out of the hands of the Board, if the Legislature specifically authorizes the DAC to expend monies from the Fund. For the fiscal year beginning July 1, 1989, fiscal year 1990, the exception clause was not triggered because the Legislature did not specifically authorize the DAC to expend money from the Fund for the Board's administrative needs, or for the administration of federal grant pro grams. Instead, the Legislature made a general appropriation to the DAC for performance of its legal duties.
¶ 10 Currently, for fiscal year 1990, since the Legislature has not appropriated monies to the Fund for administrative purposes, the Fund contains only monies from victim compensation assessments and other sources which are subject to the Board's budgetary consideration.
¶ 11 It is clear on the face of the Act that unless the exception clause is triggered by specific Legislative authorization, the entire responsibility for the Fund rests with the Board. Impliedly, if the Legislature does make an appropriation to the Fund and authorizes the DAC to expend monies for administrative costs, then the DAC has the commensurate responsibility and fiduciary duty to budget that portion of the Fund. Although the Board is not authorized to budget monies generally appropriated to the DAC, the Board does have the right and duty to communicate its recommendations regarding the Board's administrative needs to the DAC. The statutory scheme naturally contemplates a working relationship between the Board and the DAC.
¶ 12 The Board's responsibility for budgeting the Fund and the DAC's duty to provide the Board with support staff and office space are not in conflict. The powers of the Board and the duties of the DAC, although distinct and different, are designed to be harmonious.
¶ 13 It is, therefore, the official opinion of the AttorneyGeneral that pursuant to 21 O.S. 142.17 (1981), as amended by1989 Okla. Sess. Laws, c. 348, 11, p. 1325, effective Nov. 1,1989, the Oklahoma Crime Victims Compensation Board has theresponsibility to budget the Crime Victims Compensation RevolvingFund and approve expenditures from the Fund for administrativeexpenses appropriated to the Fund, unless the Legislaturespecifically appropriates to and authorizes the DistrictAttorneys Council to expend monies from the Fund foradministrative costs and for operating expenses foradministrating federal grant programs.
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
RACHEL LAWRENCE-MOR ASSISTANT ATTORNEY GENERAL