**KERR McGEE REFINING CORPORATION,
Petitioner,**

v.

**Donald BLACKBURN and The Workers' Compensation Court, Respondents.**

**No. 75036.**

Court of Appeals of Oklahoma, Division No. 3.

Jan. 22, 1991.

John B. Ballard, II, Oklahoma City, for petitioner.

Mark Shores, Oklahoma City, for respondents.

OPINION

GARRETT, Presiding Judge:

Respondent, Donald Blackburn (Claimant), filed his Form 3 in the Workers' Compensation Court, alleging he sustained an accidental injury arising out of his employment with Petitioner, Kerr McGee Refining Corp. (Employer). Claimant alleged he suffered from toxic burns, lesions and sores to his arms, legs and body as a whole from the use of industrial strength toxic cleaner and soap to clean a gasoline cracking unit. The trial court found Claimant sustained 12% permanent partial disability to the body as a whole due to contact dermatitis and awarded compensation accordingly. Employer appealed to the Workers' Compensation Court *En Banc*, and a three-judge panel affirmed the trial court.

Employer contends the trial court erroneously refused to appoint an independent physician to examine Claimant. The reason given, in a letter to both parties, is as follows:

The basis for the Court's ruling is that the motion was not made in a timely fashion. The Court desires to entertain appropriate motions for an independent medical examiner as early as possible so that the examination, deposition and any other necessary proceedings can be completed before the hearing date, and the parties will have the independent medical examiner's report for settlement considerations or if not this medical will be complete and before the Court so an order may be written on the claim immediately after it is heard.

The Court bases the timeliness ruling on recent Court of Appeals Decisions which tie a timely motion for independent medical examiner to the same time table as is already in place by Statute and Court Rule for pre-hearing conferences, but further refers you to the a (sic) memorandum setting out a Rule being finalized by the Court setting out a sixty (60) days limit from the filing date of the Form 9 for an independent medical examiner to be requested. Please note that this requires that the parties set out the name of the agreed on physician in the motion for appointment of third doctor, or if no agreement can be reached to affirmatively state that the parties have been unable to agree on a third physician.

85 O.S.Supp.1986 § 17 (since amended) is the pertinent statute. One of the grounds for the appointment of an independent physician is that there is a disagreement within the medical evidence as to the medical cause of the permanent impairment. The party desiring the appointment gives the other party a written notice of intent to make the request. The parties are to select a third physician who is to examine the Claimant. See 85 O.S.Supp.1986 § 17(A). If the parties are unable or unwilling to agree upon the appointment within 10 days, the statute provides: "the Court *shall* appoint the third physician." See 85 O.S. Supp.1986 § 17(B) (Emphasis added).

The record shows that Employer filed its motion for the appointment on April 7, 1989, by attaching it to a Form 10. Employer's attorney certified that a copy was mailed to Claimant's attorney on April 7, 1989. By cover letter to Claimant's attorney, dated the same day, Employer's attorney referred to the enclosed motion and said:

> Respondent would suggest that any doctor that specializes in dermatology from the OU Health Sciences Center or any similar clinic/facility be appointed as the third physician in this case. Please advise if you will agree. If not, please advise so that the Court can be notified that we can not agree to a third physician.

On April 24, 1989, Employer's attorney sent a letter to the trial judge, advising him that there had been no response from Claimant's attorney, and that he was notifying the court of their inability to agree upon the third physician. He requested the court to appoint one.

The Supreme Court held in *Hughes Drilling Company v. Morgan*, 648 P.2d 32 (Okl.1982), that the party making a request under § 17 of the Workers' Compensation Act must observe the statutory conditions. When rights which did not exist at common law are created by statute, the conditions set forth therein for asserting those rights "are an integral part of the right thus granted—are substantive conditions, the observance of which is essential to the assertion of the right." 648 P.2d at 35.

■ In the present case, the statutory conditions were met. Although the trial court found the request untimely, the only time requirement in the statute is that the "written notice shall be given prior to or during any prehearing conference." At the time of the request, no prehearing conference had been held. The statute provides that the court shall appoint a third physician if the parties are unable to agree. The use of the term "shall" indicates the appointment is mandatory. The Supreme Court stated in *Hughes Drilling Company v. Morgan*, supra, at page 34:

> The statutory clause in paragraph B of § 17 that 'the Court *shall* appoint the third physician' leaves no doubt as to its meaning. In the construction of stat-

utes, 'shall' is usually given its common meaning of 'must.' It is interpreted as implying a command or mandate.

The *Hughes Drilling Company* court ultimately found the movant failed to comply with the statutory conditions. However, in the present case, Employer met the conditions, and the trial court was required to appoint a third physician.

 Claimant argues that even if the trial court erred, it was harmless error, as any further medical evidence would only be cumulative. This argument is unpersuasive. The parties have a right, conferred by statute, to have a third physician appointed. The statutory requirement cannot be denied because the evidence might be cumulative. The probative value and weight to be given medical evidence remains, as always, an issue for the trial court's determination. See *Department of Public Safety v. Jones,* 578 P.2d 1197 (Okl. 1978).

It was reversible error to refuse Employer's request to appoint a third physician to examine Claimant. It becomes unnecessary to consider other contentions of the parties.

The order of the Workers' Compensation Court is vacated. This case is remanded for the appointment of an independent physician, and for further proceedings.

VACATED AND REMANDED.

HUNTER, C.J., concurs.

HANSEN, J., dissents.