Dear Executive Director, Mary Haning,
¶ 0 The Attorney General has received your letter asking for an official opinion addressing, in effect, the following question:
May a member of the Oklahoma Law Enforcement Retirement System(OLERS) use unused sick leave as set forth in 47 O.S. 2-307.2(1990), to attain the age 62 requirement or twenty year vestingservice requirement, as set forth in 47 O.S. 2-300(6)(b)(1990)?
¶ 1 Under the Oklahoma Law Enforcement Retirement System ("OLERS"), the "normal retirement date" (which is the date a member is eligible to receive unreduced payments of his accrued retirement benefits) is one of two dates. The first option is when a member completes 20 years of "vesting service." The second option is when a member attains 62 years of age, if he transferred from the Oklahoma Public Employees Retirement System (OPERS) on or after July 1, 1981, and he would have been vested had the membership in OPERS continued. 47 O.S. 2-300(6) (1990).
¶ 2 In the 1985 legislative session, an amendment to the statutes governing OLERS was enacted. Now codified as 47 O.S.2-307.2 (1990), the amendment authorized the inclusion of unused sick leave accumulated by a member of OLERS in determining the amount of "service credit" accrued by a member. 47 O.S. 2-307.2
provides in pertinent part as follows:
 The total service credit of a member who retires or terminates employment and elects a vested benefit shall include not to exceed one hundred thirty (130) days of unused sick leave accumulated while a member of the System.
(Emphasis added).
¶ 3 The term "service credit" is not materially different than the term "credited service" defined at 47 O.S. 2-300(9) (1990). Under the plain and unambiguous language of 47 O.S. 2-300(9), "credited service" is "the period of service used to determine the amount of benefits payable to a member." (Emphasis added). Thus the term "credited service" is relevant only in determining the amount of benefits a member is entitled to and does not appear relevant in determining the date or age at which a member is eligible to receive the unreduced benefits.
¶ 4 When the wording of a statute is plain and unambiguous, there is no room for further statutory construction. HughesDrilling Co. v. Morgan, 648 P.2d 32, 35 (Okla. 1982). From the clear language used in 47 O.S. 2-300(9) and 47 O.S. 2-307.2,
the Legislature expressed no intent to change the age requirement of the existing, normal retirement date set forth in 47 O.S. 2-300(6), but only an intent to increase benefits payable to a member by applying unused sick leave toward his period of credited service. This view is bolstered by the exception built into 47 O.S. 2-300(6). Certain members whose agencies were transferred to OLERS are allowed to buy prior law enforcement service if the individual cannot receive another public pension. These persons specifically identified in this paragraph may pay OLERS what their employee contribution would have been plus 5% interest. In this particular, unique circumstance, the Legislature has provided in 47 O.S. 2-300(6) as follows:
 Service credit received pursuant to this paragraph shall be used in determining the member's retirement benefit, and shall be used in determining years of service for retirement or vesting purposes.
(Emphasis added).
¶ 5 Similar language does not appear in 47 O.S. 2-307.2 so that it appears that the Legislature intended only to increase benefits through the use of unused sick leave rather than allow its use to retire earlier than scheduled. Simply, a member must actually reach the age 62 or complete 20 years of on-the-job "vesting service" to become eligible to receive the unreduced payments of his accrued retirement benefits. Once qualified under47 O.S. 2-300(6), a member may apply up to 130 days of unused sick leave accumulated while a member of the System toward up to one additional year in benefits by operation of the provisions of47 O.S. 2-307.2.
 ¶ 6 It is, therefore, the official opinion of the AttorneyGeneral that:
 The service credit for unused sick leave provided for in 47O.S. 2-307.2 (1990) should not be applied by a member of theOklahoma Law Enforcement Retirement System ("OLERS") to attainthe age 62 or 20 year vesting service requirement as set forthin 47 O.S. 2-300(6) (1990).
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
THOMAS L. SPENCER ASSISTANT ATTORNEY GENERAL