Attorney General Loving has received your letter requesting an Attorney General Opinion addressing, in effect, the following question:
 Does the Oklahoma Corporation Commission have jurisdiction pursuant to 17 O.S. 151 and 18 O.S. 863 (1991) to regulate not-for-profit rural water corporations which do not provide sewage disposal facilities?
Because your question may be answered by reference to controlling statutes and case law, the issuance of a formal opinion of the Attorney General is not necessary. The discussion which follows is, therefore, not an official opinion of the Attorney General; it represents, rather, the analysis and conclusions of the undersigned Assistant Attorney General.
The Oklahoma Corporation Commission has general supervision over all public utilities. Section 152 of Title 17 (17 O.S. 152) of the Oklahoma Statutes provides for Commission jurisdiction and reads in pertinent part:
 "A. The Commission shall have general supervision over all public utilities, with power to fix and establish rates and to prescribe rules, requirements and regulations, affecting their services, operation, and the management and conduct of their business; shall inquire into the management of the business thereof, and the method in which same is conducted."
Title 17 O.S. 151, defines a public utility as follows:
 "The term "public utility" as used in 151 through 155 of this title, shall be taken to mean and include every corporation, association, company, individuals, their trustees, lessees, or receivers, successors or assigns, except as hereinafter provided, and except cities, towns, or other bodies politic, that now or hereafter may own, operate, or manage any plant or equipment, or any part thereof, directly or indirectly, for public use, or may supply any commodity to be furnished to the public."
17 o.s. 151(d) grants an exception to Commission jurisdiction and provides in pertinent part:
 "(t)hat a corporation organized and existing not for profit pursuant to Title 18 of the Oklahoma Statutes, 18 o.s. 851 — 18 o.s. 863, but for the purpose of developing and providing rural water supply and sewage disposal facilities to serve rural residents shall not be declared a public utility under this Act, and shall be exempt in any and all respects from the jurisdiction and control of the Corporation Commission of this state."
Essentially you have asked this office to determine if corporations which provide rural water supply must also provide sewage disposal facilities in order to be exempt from Commission regulation.
The goal of statutory construction is to follow the intent of the legislature. Hess v. Excise Board of McCurtin County,698 P.2d 930, 932 (Okla. 1985). Where the intent of the legislature iS plainly expressed in the statute, it must be followed without further inquiry or statutory construction. Hughes Drilling Co. v. Morgan, 648 P.2d 32 (Okla. 1982). Also, it is presumed that the legislature, in the statute, said what it meant and meant what it said. Darnell v. Chrysler Corp., 687 P.2d 132 (Okla. 1984).
It is my opinion that the legislature has evidenced a clear statutory directive that public utilities, as statutory defined, are to be regulated by the Commission. Subsection d of 151 is an exception to the general regulation statute and, in my opinion, use of the word and can only be interpreted to mean that a not-for-profit corporation must provide both rural water supply and sewage disposal facilities to be exempt from Commission regulation.
In conclusion, it is my opinion that exemption from Commission regulation requires that a not-for-profit water company must provide both rural water supply and sewage disposal facilities Should you need anything further regarding this matter please feel free to contact me.
(Douglas F. Price)