Attorney General Loving has reassigned your opinion request regarding the Grand River Dam Authority to the undersigned. You request opinions regarding the following questions:
 1. Does an independent contractor or consultant under retainer to a municipality constitute an "official" of such municipality for purposes of nomination and service as a director of the Grand River Dam Authority pursuant to Title 82 O.S. 863 (1991).
 2. Must a director of the Grand River Dam Authority (once qualified, nominated and confirmed) continually satisfy residency requirements and other qualifications for office set forth in Title 82 O.S. 863
Your questions may be answered by reference to prior opinions of this office and application of rules of statutory construction. Therefore, your requests are answered through this informal letter.
In response to question one, I have attached my letter dated April 1, 1994 addressed to Senator Herb Rozell. As stated in the letter, an official of a municipality must be either (1) the holder of an elected office in municipal government (including one appointed to fill an unexpired term); (2) a municipal clerk; or (3) a municipal treasurer. Therefore, a consultant would not be eligible for the GRDA position required to be filled by an "official of a municipality" served by GRDA.
Your second question also involves statutory qualifications for a Grand River Dam Authority Director. Section 82 O.S. 863(A)(3) of Title 82 lists the following as qualifications for Board membership:
"1. Each Board member shall be a resident of the district;
 2. One director shall be selected from the industrial customers of the district;
 3. One director shall be an official of a municipality signed by the Grand River Dam Authority;
 4. One director shall be an official of a rural electric cooperative served by the Grand River Dam Authority;
5. Remaining directors shall be selected at large; and
 6. Each director shall have a demonstrated capability in business, finance or professional fields. No member of the committee shall serve on the Board nor receive any compensation or reimbursement for services on the committee."
In construing or interpreting any statute it is presumed that the legislature said what it meant and meant what it said. Hughes Drilling v. Morgan, 648 P.2d 32 (Okla. 1982). The law clearly requires that a board member shall be a resident of the district. However, the law is silent as to whether a Board member must continue to reside in the district after appointment.
In my opinion the legislature dearly mandates that the governing board be composed of district residents. This direction would be rendered a nullity were the statute interpreted to be applicable only at the time of appointment as opposed to during a member's full term. Although the statute is silent, it is my opinion that the Legislature intended a Board member to be a district resident at appointment and during the entire period of service.
In conclusion, in my opinion, a board member must meet the residential and other requirements at the time of his or her nomination and during the entire period of board membership. This is not an official opinion of the Attorney General but represents the views of the undersigned Assistant Attorney General.
(Douglas F. Price)