Dear Representatives McCorkell,
¶ 0 This office has received your letter requesting an Attorney General Opinion addressing, in effect, the following questions:
1. Is the scope of practice of a school psychologist certifiedby the Oklahoma State Department of Education considered assubstantially equivalent to the scope of practice of apsychologist licensed to practice psychology under the OklahomaPsychologists Licensing Act?
2. Is the scope of practice of a school psychometrist certifiedby the Oklahoma State Department of Education held by a person inan accredited Oklahoma public school considered as substantiallyequivalent to the scope of practice of psychometry under statelaw?
 I. SCOPE OF PRACTICE OF A SCHOOL PSYCHOLOGIST
¶ 1 The Oklahoma Psychologists Licensing Act (the "Licensing Act") defines and regulates the practice of psychology. 59 O.S.1991, §§ 1351[59-1351], et seq. Under the Licensing Act, a psychologist is defined as:
 [A] person who represents himself or herself to be a psychologist by using any title or description of services incorporating the words "psychology", "psychological", or "psychologist", or by offering to the public or rendering to individuals or to groups of individuals services defined as the practice of psychology.
59 O.S.Supp. 1994, § 1352[59-1352](2).
¶ 2 The practice of psychology:
 [M]eans the observation, description, evaluation, interpretation, and modification of human behavior by the application of psychological principles, methods, and procedures, for the purpose of preventing or eliminating symptomatic, maladaptive, or undesired behavior and of enhancing interpersonal relationships, work and life adjustment, personal effectiveness, behavioral health, and mental health. The practice of psychology, a branch of the healing arts, includes, but is not limited to, psychological testing and the evaluation or assessment of personal characteristics, such as intelligence, personality, abilities, interests, aptitudes, and neuropsychological functioning; counseling, psychoanalysis, psychotherapy, hypnosis, biofeedback, and behavior analysis and therapy; diagnosis and treatment of mental and emotional disorder or disability, alcoholism and substance abuse, disorders of habit or conduct, as well as of the psychological aspects of physical illness, accident, injury, or disability; and psychoeducational evaluation, therapy, remediation, and consultation. Psychological services may be rendered to individuals, families, groups, and the public. The practice of psychology shall be construed within the meaning of this definition without regard to whether payment is received for services rendered[.]
59 O.S.Supp. 1994, § 1352[59-1352](3).
¶ 3 The Licensing Act provides that no person shall represent himself as a psychologist or engage in the practice of psychology unless such person is licensed pursuant to the provisions of the Licensing Act. 59 O.S.Supp. 1994, § 1353[59-1353]. However, the requirements of the Licensing Act do not apply to:
 Individuals who have been certified as school psychologists by the Oklahoma State Department of Education. They shall be permitted to use the term "certified school psychologist". Such persons shall be restricted in their practice to employment within those settings under the purview of the State Board of Education[.]
59 O.S.Supp. 1994, § 1353[59-1353](5) (emphasis added).
¶ 4 Thus, the question is whether, under the statutory scheme set forth above, the scope of practice of a certified "school psychologist" is equivalent to that of a "psychologist" licensed under the Licensing Act.
¶ 5 It is the "fundamental objective of any exercise in statutory construction . . . to determine and give effect to the legislative intent," Hughes Drilling Co. v. Morgan, 648 P.2d 32
(Okla. 1982). "Statutory construction that would lead to absurdity must be avoided and rational construction should be given a statute if language fairly permits." Ledbetter v.Oklahoma Alcoholic Beverage Laws Enforcement Com'n,764 P. 2d 172 (Okla. 1988). It is a sound rule of statutory construction that statutes must be interpreted in light of their context.Davis v. State, 300 P.2d 1000 (Okla.Crim. 1956). The intention and purpose of the Legislature should not be ascertained from any single, isolated clause or sentence, or from any particular or partial recitals, but from a general consideration or viewpoint of the act as a whole. Nelson v. State, 288 P.2d 429
(Okla.Crim. 1955). Thus, where the same word or phrase is used in different parts of a statute, it will be presumed to be used in the same sense throughout, and where its meaning in one instance is clear, this meaning will be attached to it elsewhere, unless a contrary intention of the Legislature to use it in a different sense is clear. Walton v. Donnelly, 201 P 367 (Okla. 1921). Whenever the meaning of a word or phrase is defined in any statute, such definition is applicable to the same word or phrase whenever it occurs, except where a contrary intention plainly appears. 25 O.S. 1991, § 2[25-2]; Dolese Bros. Co. v. Privett,622 P.2d 1080 (Okla. 1981).
¶ 6 Under the rules of statutory construction articulated above, an obvious conclusion must be drawn from the legislative design of the Licensing Act. The Legislature intended that those persons who receive certification from the Department of Education are "psychologists" who have a "practice," albeit one "restricted" to the school setting. Additionally, the Legislature, in the same statute in which it defined the term psychologist and set forth the meaning of the practice of psychology generally, established the practice of psychology in a school setting. 59 O.S.Supp. 1994, § 1352[59-1352](2),(3); 59 O.S.Supp.1994, § 1353[59-1353](5). Under the rules of statutory construction concerning definitions of words and phrases, the general definition of the term "psychology" and "practice of psychology" should be applied to the scope of the practice of psychology in a school setting. Walton v. Donnelly, 201 P. 367 (Okla. 1921). The logical limitation placed by the Legislature is not on thescope of the practice but upon the setting in which that practice is to be conducted.
¶ 7 Moreover, a construction which would hold that a person performing services enumerated in the statute defining the practice of psychology in a school, as explicitly permitted by the Licensing Act, is not practicing psychology would be an absurd construction, one clearly not intended by the Legislature, and one to be avoided. Ledbetter v. Oklahoma Alcoholic BeverageLaws Enforcement Com'n, 764 P.2d 172 (Okla. 1988).
¶ 8 The Legislature's delegation of the power to the Department of Education to establish the certification for those who practice psychology in the schools does not require a different result here. The Legislature simply created an exception to the powers granted the State Board of Examiners of Psychologists. The Department of Education "certifies," the State Board of Examiners of Psychologists "licenses." The use of these analogous terms "certify" and "license," authorizes the practice of psychology under the statutory scheme.[1]
¶ 9 To find that the scope of practice of a "certified" school psychologist is somehow different from that of a "licensed" psychologist fails to carry out the legislative will to permit the defined practice of psychology in the school setting.[2]
¶ 10 Finally, the Department of Education must comply with the federal act which provides for special education, the Individuals with Disabilities Education Act ("IDEA"). 70 O.S.Supp. 1994, §13-101[70-13-101]. Provision of psychological services, as defined at34 CFR § 300.16(b)(8) is a requirement of IDEA. These services include many of the items catalogued in Oklahoma's statute defining the practice of psychology.[3] 59 O.S.Supp. 1994,§ 1352[59-1352](3). The Department of Education, in its Policies andProcedures for Special Education in Oklahoma (1993), references and incorporates those services in its "Related Services Personnel Standards." Id. at 119. Thus the types of services described in Oklahoma's definition of the practice of psychology are the types of services provided by Oklahoma's certified school psychologists.
¶ 11 In conclusion, applying the principles of statutory construction to the Licensing Act, the scope of practice of a certified school psychologist is the equivalent of the scope of practice of a psychologist licensed by the State Board of Examiners of Psychologists but limited to Oklahoma schools under the purview of the Department of Education, as set forth in 59O.S. 1991, §§ 1351[59-1351], et seq.[4]
 II. SCOPE OF PRACTICE OF A SCHOOL PSYCHOMETRIST
¶ 12 A school psychometrist, whose qualifications are outlined in the Teacher Education and Certification Handbook cited above, is not a practitioner within any scope of practice defined under state law. There is no license offered in Oklahoma to practice "psychometry,"[5] no scope of practice of psychometry defined nor any authority given in the Licensing Act, other statutes or rules delegating to the Department of Education the establishment of a certification in psychometry.[6] As it was appropriate under the principles of statutory construction to find that the scope of practice of a certified school psychologist is considered equivalent to that of a psychologist holding a state license to practice psychology, those same principles mandate the opposite conclusion concerning psychometrists. The Legislature was silent concerning the creation of a "practice" of psychometry; from this silence it must be inferred that the Legislature has not created a practice of psychometry authorized by state law. See City of Duncan v.Bingham, 394 P.2d 456, 460 (Okla. 1964).[7] ("Legislative silence, when it has the authority to speak, may be considered as giving rise to an implication of legislative intent.")
¶ 13 It is, therefore, the official Opinion of the AttorneyGeneral that:
1. The scope of practice of a school psychologist certified bythe Oklahoma State Department of Education is consideredequivalent to the scope of practice of a psychologist licensed topractice psychology under the Oklahoma Psychologists LicensingAct, 59 O.S. 1991, §§ 1351[59-1351], et seq.
2. As there exists no recognized scope of practice ofpsychometry nor licensure provisions in Oklahoma statutes, therecan be no substantial equivalence of the scope of practice of acertified school psychometrist to any scope of practice of aState licensed psychometrist.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
GRETCHEN GROVER HARRIS ASSISTANT ATTORNEY GENERAL
[1] The definitions of certificate and license both contain the concept of authorizing one to practice one's profession. "Certificate" includes "a document certifying that one has fulfilled the requirements of and may practice in a field." Black's Law Dictionary 205 (1979). A "license" includes "[a] permit, granted by an appropriate governmental body . . . to a person . . . to pursue some occupation. . . ." Id. at 829.
[2] The Department of Education has exercised its authority under the Psychologists Licensing Act by establishing the qualifications for certification as a school psychologist pursuant to its authority granted at 70 O.S. 1991, §§ 3-104[70-3-104](a) and 13-105. The certification qualifications are published in theTeacher Education and Certification Handbook. Thus, the formalities necessary for an individual to practice psychology in Oklahoma public schools have been completed.
[3] The psychological services set forth in the IDEA regulations include: administering psychological and educational tests and other assessment procedures; interpreting assessment results; obtaining, integrating and interpreting information about child behavior and conditions relating to learning; planning and managing a program of psychological services, including psychological counseling for children and parents and consulting with other staff members in planning school programs to meet the special needs of children as indicated by psychological tests, interviews and behavioral evaluations.
[4] This opinion is consistent with that rendered by the Attorney General of West Virginia in his opinion dated January 8, 1991, in which a statute markedly similar to that analyzed here was determined to afford school psychologists a "limited license to practice psychology in the schools."
[5] "Psychometry" is defined as the measurement of the duration, force, precision, etc. of mental processes. Webster's New Universal Unabridged Dictionary 1454 (1983).
[6] Title 59 O.S.Supp. 1994, § 1353[59-1353](3) does not create a scope of practice of psychometry; it simply provides that persons employed by state agencies (not schools) who practicepsychology with limited authority are not subject to the Psychologists Licensing Act.
[7] This opinion does not address whether such a certification is unauthorized. It only means that psychometry has not been delineated as a "practice" with a defined scope in Oklahoma statutes.