Dear Representative Adkins,
¶ 0 This office has received your request for an Attorney General Opinion. You asked, in effect, the following question:
Do the leave sharing provisions found in 70 O.S. Supp. 1996, §6-104.6[70-6-104.6] allow a school district to operate a "leave bank" inwhich all donated leave is placed into a common fund?
¶ 1 In order to answer the question is it important to examine the language in Section 6-104.6 which states in pertinent part:
 A. The board of education of each school district may establish a leave sharing program for all district employees. The program shall permit district employees to donate sick leave to a fellow district employee who is suffering from or has a relative or household member suffering from an extraordinary or severe illness. . . .
. . . .
 D. A district employee may donate annual leave to another district employee only pursuant to the following conditions:
 1. The receiving employee has exhausted, or will exhaust, all sick leave . . .;
 2. The condition has caused, or is likely to cause, the employee to go on leave without pay or to terminate employment;
 3. The board of education of the district permits the leave to be shared with an eligible employee;
 4. The amount of leave to be donated is within the limits . . .; and
 5. District employees may not donate excess sick leave that the donor would not be able to otherwise take.
. . . .
 K. Any shared sick leave not used by the recipient during each occurrence as determined by the board of education shall be returned to the donor.
70 O.S. Supp. 1996, § 6-104.6[70-6-104.6] (emphasis added).
¶ 2 Title 70 O.S. Supp. 1996, § 6-104.6[70-6-104.6], at subsection A, clearly authorizes the board of education of each school district to implement a leave sharing program which includes the donation of both sick leave and annual leave. Section 6-104.6 then clearly specifies the manner in which leave sharing can be accomplished.
¶ 3 Subsection A grants the local board of education power to authorize a district employee to voluntarily donate his or her sick leave to "a fellow district employee." (Emphasis added.) Subsection D lists the requirements that must be met before an employee may donate annual leave to another district employee. Subsection D(1) and (2) uses the language describing the recipient as "the receiving employee" and "the employee." (Emphasis added.) The use of "the employee" indicates that the recipient must be known before leave can be donated to an individual. Subsection K is further confirmation that leave must be donated to a particular individual for a particular occurrence. Subsection K provides in part that:
 Any shared sick leave not used by the recipient during each occurrence . . . shall be returned to the donor. The shared sick leave remaining will be divided among the donors on a prorated basis . . . and returned at its original donor value and reinstated to the annual leave balance of each donor.
70 O.S. Supp. 1996, § 6-104.6[70-6-104.6](K) (emphasis added).
¶ 4 The use of the terms "a fellow district employee" and "another district employee" along with the requirement that unused sick leave be "returned to the donor" at the end of "each occurrence" indicates that the Legislature intended for leave to be donated only to a specific individual for a certain occurrence. When the statute is clear and plainly expresses its intent there is no room for statutory construction. HughesDrilling Company v. Morgan, 648 P.2d 32, 35 (Okla. 1982). Had the Legislature intended to allow school districts to provide a common leave bank in which employees could deposit leave for future use of any person needing additional leave, such an intent would have been clearly stated in the statute.
¶ 5 While 70 O.S. Supp. 1996, § 6-104.6[70-6-104.6] authorizes each local board of education to choose whether or not to establish a leave sharing program, the Legislature has specified the manner in which leave sharing can be accomplished. A school board can only exercise:
 [T]hose powers that are granted in express words; those fairly implied in or necessarily incidental to the powers expressly granted, and those essential to the declared objects and purposes. . . .
Independent School District No. 8 of Seiling v. Swanson,553 P.2d 496, 501 (Okla. 1976) (quoting Board of Education ofOklahoma City v. Cloudman, citation omitted). Establishing a common leave bank is not a power that is expressly authorized or fairly implied by the statute.
¶ 6 It is, therefore, the official Opinion of the AttorneyGeneral that:
The leave sharing provisions found in 70 O.S. Supp. 1996, §6-104.6[70-6-104.6] do not allow a school district to operate a "leavesharing bank" in which all donated leave is placed in a commonfund and used by any employee who meets the statutory recipientrequirements. School districts may only allow leave to be donatedto a specific employee who meets the requirements set forth inSection 6-104.6.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
L. MICHELLE STEPHENS ASSISTANT ATTORNEY GENERAL